316 So.2d 822 (1975)
Barney Edward WELCH, Plaintiff-Appellee,
v.
ROBERT CAMPBELL, INC., and Southern Casualty Insurance Company, Defendants-Appellants.
No. 10304.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
*823 L. H. Coltharp, Jr., DeRidder, for defendants-appellants.
Charles B. W. Palmer, Amite, for plaintiff-appellee.
Before SARTAIN, ELLIS and BARNETTE, JJ.
SARTAIN, Judge.
Defendants-appellants Robert Campbell, Inc. and its insurer, Southern Casualty Insurance, bring this appeal from judgment in favor of plaintiff, Bonner (Barney) Edward Welch, holding defendants responsible for workmen's compensation benefits in the sum of $49.00 per week for 500 weeks, together with penalties of twelve percent and legal interest from date of demand, as well as sums in the amount of $2500.00 for attorneys' fees, $377.92 for medical expenses, and costs. Judgment for the same was further rendered in solido against defendant Austin Carpenter, but no appeal has been sought on his behalf. We reverse the judgment insofar as it pertains to defendants Campbell and Southern Casualty Insurance, for reasons stated herein.
The record shows that in May of 1970, while plaintiff was engaged as a timber cutter, he stepped into a shallow hole in attempting to load logs onto a pulpwood truck. In his original petition he alleged that he was employed by Robert Campbell, Inc. and later amended his petition to allege in the alternative that he was employed by Austin Carpenter who, he contended, was either an employee or a subcontractor of Robert Campbell, Inc.
Plaintiff testified at trial that at the time of the accident he was working for Austin Carpenter and that Carpenter delivered the wood to Robert Campbell, Inc.'s woodyard. He testified further that at the time of the accident they were cutting "company timber" or timber owned by Crown-Zellerbach. He testified further in part:
Q. All right, now, would you describe to the court how you hurt your back?
A. My hand slipped and I went to catch a stick of wood and as I stepped back I stepped in a hole and went down and that stick of wood brought me back. A colored fellow had to help it off of me.
Q. What was his name ?
A. Pete Junior Burton.
Q. Do you know where he lives ?
A. He's dead now. He broke his neck.
Q. Now . . . well, let me ask you this. Do you remember the first day that you went to see . . . or did you report this accident to anyone ?
A. I told Mr. Carpenter and I two or three of them that I'd hurt my back.
Q. You told Mr. Carpenter?
A. Yes, sir.
Q. That's Austin Carpenter ?
A. Yes.
Q. Now was he directing the timber operations for Robert Campbell at that particular time ?
A. Yes, he was cutting it.

*824 Q. All right. Were there any other workers in that area that knew you hurt your back, besides Mr. Carpenter and yourself ?
A. Clarence Jones.
Clarence Jones, referred to above, was also called as a witness for plaintiff and he, too, testified that at the time of plaintiff's accident they were working for Austin Carpenter and that they were cutting Crown-Zellerbach timber, although he could not remember where they were working. A portion of this testimony as it appears in the record is as follows:
Q. Have you ever worked with Mr. Welch ?
A. Yes, sir, me and him worked together.
Q. Where all did you and Mr. Welch work together ?
A. We worked on company timber together.
Q. On Company timber at Crown-Zellerbach?
A. Yes, sir.
Q. Is that out there by Fluker's Bluff?
A. Yes, sir. Yes, sir, that's at Fluker's Bluff.
Q. All right. Was that in May of 1970?
BY MR. COLTHARP:
Your Honor, just a minute, I don't want to be technical but I think Mr. Palmer is leading the witness pretty well and I object to that.
BY THE COURT:
Objection sustained.
BY MR. PALMER: (Continuing)
Q. All right. Do you remember what that y'all were working at on the Crown job ?
A. No, sir, it's been a long time.
Q. All right, do you remember who you were working for when you were working there ?
A. Working for Mr. Austin Carpenter.
Q. Who was he cutting timber for ?
A. He was cutting for the company there where he got hurt at.
Q. All right. Well, do you recall the name of Robert Campbell, Incorporated, in Clinton, does that name ring a bell with you ?
A. Austin Carpenter ?
Q. Was Austin Carpenter cutting it for Robert Campbell, Incorporated ?
A. Oh, yes, sir, that's right. He's dead now. That's right. Mr. Campbell.
Q. Was the timber yard in Clinton ?
A. Yes, sir. Mr. Campbell.
Q. And they were buying the timber from Crown-Zellerbach ?
BY MR. COLTHARP:
Your Honor, again I'm going to object to counsel leading the witness. I don't know that he's in a position to know that, but if he is, he can elicit it without suggesting to him what the answer . . .
BY MR. PALMER: (Continuing)
Q. All right. Would you tell the court how you knew this was Crown-Zellerbach timber, or company timber as you call it ?
A. They have white lines, you know, on it.
Q. Markings on the trees ?
A. Yes, sir.
Q. Like a surveyor's markings only it's painted on there ?
A. Yes, sir, that's right.

*825 Q. How long have you worked in the timber business ?
A. Oh, I been working for them about twelve years.
Q. Where do you cut most of your timber?
A. Cut most on company.
Q. On company timber?
A. Yes, sir.
Austin Carpenter did not testify at trial nor was there any testimony from any officer or agent of either Robert Campbell, Incorporated or Crown-Zellerbach.
Defendant Campbell now contends, as he alleged in his original answer, that he was not an employer of Welch at the time of the accident and, further, that defendant has failed to bear his lawful burden of proving the same.
From the pleadings and the testimony taken at trial, it is impossible to determine the status of Robert Campbell, Incorporated in its relationship with plaintiff Welch. Since plaintiff clearly admits that he was working for Austin Carpenter, we assume that defendant Campbell is considered by plaintiff to be a broker or dealer who employed Carpenter. However, the record does not contain any information to justify this assumption. The record shows that plaintiff believed he was cutting timber belonging to Crown-Zellerbach at the time of the accident. What connection, if any, Robert Campbell, Incorporated, had with Crown-Zellerbach, Austin Carpenter, or plaintiff Welch, has not been shown. The trial judge's basis for judgment against defendant Campbell is unknown to us since neither written nor oral reasons were assigned. Austin Carpenter did not testify at trial nor did any agents of either Robert Campbell, Incorporated or Crown-Zellerbach. The only times defendant Campbell was even mentioned at trial were the references heretofore noted which were elicited by plaintiff's counsel from his own witness through leading questions.
In attempting to establish the employee-employer relationship, plaintiff asked us to consider answers to interrogatories propounded by him to defendant Campbell which appear in the pleadings in the record before us. Defendant has objected to the consideration of these interrogatories because they were neither formally introduced nor were they ever referred to at trial by either party.
Thus we are confronted with the issue of whether responses to interrogatories, that are not offered in evidence, form a part of the record from which a case is to be determined on the merits. Initially, we note Johnson v. New Orleans Disposal Service, 289 So.2d 825, (4th La.App., 1974), which held that answers by defendants to certain interrogatories constituted judicial admissions of the facts covered therein citing C.C. Art. 2291. However, we can not determine from a reading of the case whether the interrogatories and answers thereto were actually offered in evidence. The use of interrogatories is provided for in C.C.P. Art. 1491 of Section 4 entitled "OTHER DISCOVERY DEVICES". The second paragraph of the article specifically provides that the answers to such interrogatories may be used to the same extent as that of a deposition taken pursuant to C.C.P. Art. 1428.
The law is well settled that depositions may not be considered by a court unless they are introduced into evidence. Chouest v. Remont, 81 So.2d 568 (1 La. App., 1955); Circello v. Haas & Haynie Corp., 116 So.2d 144 (1 La.App., 1959); Chivers v. Couch Motor Lines, Inc., 159 So.2d 544 (3 La.App., 1964); Young v. Fryoux, 222 So.2d 638 (4 La.App., 1969). In the Chivers case, supra, Judge Tate (now Justice Tate) stated at page 552:
". . . trial or appellate courts cannot consider discovery depositions which *826 were not introduced into evidence and as to which, consequently, opposing counsel have not had the opportunity to object to, rebut, or explain testimony contained therein."
We feel this reasoning to be applicable to all discovery devices available to litigants in preparation for trial. C.C.P. Arts. 1491-1496. Discovery devices prior to introduction into evidence are merely tools whereby each litigant is given the opportunity to search for and obtain information. Until such information is introduced at trial, a party has no knowledge that it will be used against him nor does he know the context in which it will be used. Absent its introduction into evidence, he would thus have no opportunity to engage in a legal confrontation with that which may ultimately be used to decide the case against him.
We find no merit in plaintiff's argument that pursuant to L.R.S. 23:1317 the technical rules of evidence in workmen's compensation cases are relaxed to a sufficient degree that would allow this court to consider the interrogatories even absent their introduction. We feel the statute is not applicable here for until there is a legal presentation or offering of information to the court, it is not evidence. We feel the rule here cited by plaintiff applies only after such a presentation or offering has been made (i.e., in deciding issues of admissibility, relevancy, hearsay, etc.)
Accordingly, we find no evidence in the record upon which to establish any employer-employee relationship between defendant Robert Campbell, Incorporated and plaintiff Welch.
For the above reasons, the judgment of the trial court in favor of plaintiff and against defendant, Robert Campbell, Incorporated, and its insurer Southern Casualty Insurance Co., is reversed and set aside and the same is hereby entered in favor of defendant, Robert Campbell, Incorporated and its insurer, dismissing plaintiff's claims against them. All costs of this appeal are to be borne by plaintiff-appellee.
Reversed in part and rendered.