SARTAIN, Judge.
This is an appeal from a judgment maintaining exceptions of prescription, peremption, and res judicata and dismissing plaintiff’s suit against defendant. This workmen’s compensation action alleging an injury sustained by plaintiff on May 20, 1970, was filed on October 11, 1973.
It is undisputed that this suit is barred by either the one year or the two year peremptions found in R.S. 23:1209 unless there has been an interruption. Plaintiff contends that his suit filed in April, 1971 against Robert Campbell, Inc. was such an interruption. It is argued that Campbell is a solidary co-debtor with defendant, Crown Zellerbach Corporation, and that, therefore, under Art. 2097 of the Civil Code, the first suit interrupted prescription against Crown Zellerbach.
*1256 However, this contention is without merit. In the Campbell suit this court held that Campbell was not plaintiff Welch’s employer and therefore was not liable for workmen’s compensation benefits. Welch v. Robert Campbell, Inc., 316 So.2d 822 (La.App. 1st Cir.) writ denied 321 So.2d 523 (La.1975). Suit against Campbell could not have interrupted prescription against Crown. Art. 2097 has no application in such a situation. In the similar case of Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350 (La.1975), the Louisiana Supreme Court held to this effect. There the first suit was brought against certain executive officers of a company and their insurers. They were exonerated from liability. More than one year after the accident a second suit was brought against other executive officers and the same insurer. The second suit was held to be barred. Since the officers in the first suit were not liable at all they could not be liable in solido with the officers sued in the second suit — prescription was not interrupted.
In the Campbell suit, Austin Carpenter was joined as a defendant on August 19, 1971. Carpenter was held liable to plaintiff for workmen’s compensation. But the suit against Carpenter could not have interrupted prescription since it was filed more than one year after the accident and it is not alleged that plaintiff was unaware of the injury when it occurred. R.S. 23:1209.
We affirm the trial court’s judgment sustaining the peremptory exception of per-emption. It is, therefore, unnecessary to consider the exception of res judicata. All costs are assessed against plaintiff-appellant.
AFFIRMED.