365 So.2d 586 (1978)
B. E. WELCH
v.
CROWN-ZELLERBACH CORP. et al.
No. 12405.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
*587 H. O. Lestage, III, DeRidder, for defendants-relators.
Charles B. W. Palmer, Amite, for plaintiff-respondent.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
CHIASSON, Judge.
To understand the current posture of this litigation, we believe it is necessary to briefly explain its history and then provide a statement of the case as it now appears before us.

HISTORY AND STATEMENT OF THE CASE
On April 28, 1971, Barney Edward Welch (Welch) filed suit against Robert Campbell, Inc. (Campbell) and its insurer, Southern Casualty Insurance Company (Southern), for individual and solidary liability in a workmen's compensation action, suit number 38,841 of the Twenty-First Judicial District Court in and for the Parish of Tangipahoa. Austin Carpenter (Carpenter) was joined as a defendant in this suit. Welch attempted to also join Crown Zellerbach Corporation and its insurer (Crown Zellerbach), but this action was dismissed. Before Crown Zellerbach was dismissed from suit number 38,841, Welch filed a separate suit against Crown Zellerbach on the same workmen's compensation claim. The lower court rendered a judgment in favor of Welch against Campbell, Southern, and Carpenter for workmen's compensation benefits, penalties, legal interest, attorney's fees, medical expenses and costs. Campbell and Southern appealed, but no appeal was taken by Carpenter. This court reversed the lower court's decision insofar as it pertained to defendants Campbell and Southern, Welch v. Robert Campbell, Inc., 316 So.2d 822 (La.App.1st Cir. 1975), and the Louisiana Supreme Court denied Welch's application for certiorari or writ of review, Welch v. Robert Campbell, Inc., 321 So.2d 523 (La.1975). The judgment in suit number 38,841 is therefore final.
The separate suit that Welch filed against Crown Zellerbach was filed on October 11, 1973 and bears number 43,044 of the Twenty-First Judicial District Court in and for the Parish of Tangipahoa.
On February 10, 1976, Welch filed a pleading titled "First Supplemental And Amending Petition And Third Party Demand" in suit number 43,044 by which he sought to join Campbell and Southern as third party defendants. We must note at this point that at the time this petition was filed there was no reconventional demand filed by Crown Zellerbach against Welch. Therefore, plaintiff in the main demand (Welch) cannot assert a third party action against Campbell and Southern. CCP Article 1111.[1]
*588 Clearly the third party action as contemplated by the Code of Civil Procedure does not provide for a plaintiff asserting a defendant's third party rights. Furthermore, CCP Article 1112 provides:
"The defendant in reconvention likewise may bring in his warrantor, or any person who is or may be liable to him for all or part of the reconventional demand, and the rules provided in Articles 1111, and 1113 through 1115 shall apply equally to such third party actions."
Welch was not a defendant in reconvention and therefore CCP Article 1112 does not apply. Therefore, the addition of Campbell and Southern at this point is a joinder action. This was an attempt on Welch's part to again sue Campbell and Southern on the same cause of action which had been decided in suit number 38,841.
After the joinder of Campbell and Southern in suit number 43,044, they filed declinatory and dilatory exceptions to Welch's February 10, 1976 petition on the basis of improper use of third party action, insufficiency of citation, improper service and vagueness. On March 2, 1976, Crown Zellerbach filed peremptory exceptions of prescription, peremption and res judicata. On April 26, 1976, Campbell and Southern filed a peremptory exception of res judicata.
On April 30, 1976, Welch's motion for a preliminary judgment in workmen's compensation under La.R.S. 23:1316 was filed and denied the same day.
Also on April 30, 1976, all of the exceptions were argued and the court took them under advisement. On January 24, 1977, a judgment was signed sustaining Crown Zellerbach's exceptions and dismissing Welch's suit against Crown Zellerbach. Welch's timely motion for new trial was denied and he was then granted a devolutive appeal.
Since Welch's appeal as to Crown Zellerbach is an issue in this writ application, we will first explain its disposition and then return to the proceedings in the trial court.
On October 17, 1977, the First Circuit Court of Appeal affirmed the trial court's judgment sustaining Crown Zellerbach's exceptions and dismissing Crown Zellerbach from the suit. B. E. Welch v. Crown Zellerbach Corp., 351 So.2d 1255 (La.App.1st Cir. 1977).
Welch applied for and was granted writs to the Supreme Court. Welch v. Crown Zellerbach Corp., 353 So.2d 1045 (La.1978).
On May 22, 1978, the Louisiana Supreme Court reversed this court and the trial court, holding that Crown Zellerbach's exception of prescription was sustained in error and remanded the case for further proceedings. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978).
Approximately two months after the trial court had rendered the judgment sustaining Crown Zellerbach's exceptions, the trial court on April 6, 1977 signed a judgment maintaining Campbell's and Southern's exception of res judicata and dismissing plaintiff's action as to them. No appeal was taken from this judgment. On April 12, 1977, Welch filed a pleading titled "Motion For New Trial And/Or To Set Aside For Judgment."
On December 2, 1977, Welch filed a pleading titled "Petition To Annul Judgment" alleging the judgment of April 6, 1977 to be null by virtue of the court's lack of jurisdiction to render and sign such a judgment because of the pending appeal. Campbell and Southern filed a peremptory exception of no cause of action to the petition to annul, which exception was maintained by judgment rendered on February 17, 1978.
On February 21, 1978, Welch filed a motion for new trial.
On February 27, 1978, the judgment rendered February 17, 1978 was signed and notice was mailed to Welch's attorney.
*589 Two days after the Supreme Court had rendered its decision in Welch v. Crown Zellerbach Corp., supra, on May 24, 1978, Welch filed a pleading titled "Motion To Assign (1) Rule To Compel (2) New Trial: Alternatively Motion For Summary Judgment," and a show cause order was signed setting a hearing. This motion basically asked for a trial to annul the judgments of April 6, 1977 and February 27, 1978 or a summary judgment annulling these two judgments. On June 5, 1978, Campbell and Southern filed a pleading titled "Motion For Rule To Show Cause Why Plaintiff's Motion Should Not Be Stricken And Previous Order To Show Cause Should Not Be Recalled." Campbell and Southern urged in their motion that since Welch did not appeal either the April 6, 1977 or the February 27, 1978 judgments, they are final and plaintiff should not be allowed to proceed any further.
On June 16, 1978, the May 24, 1978 and June 5, 1978 rules to show cause were consolidated and the matter submitted on written memorandums.
On July 27, 1978, the trial court rendered two judgments. One judgment annulled and vacated the judgment sustaining the exceptions of Campbell and Southern. The trial judge did not specify which judgment he was annulling or vacating. The second judgment granted Welch a new trial as to the judgment of February 27, 1978. These last two judgments are the ones from which Campbell and Southern applied for writs.
On September 26, 1978, the First Circuit Court of Appeal issued an alternative writ and stayed the proceedings in the lower court.

JURISDICTION
Welch and the Honorable Gordon E. Causey assert that on February 16, 1977, when the order for devolutive appeal was granted from the judgments sustaining Crown Zellerbach's exceptions, the trial court was divested of jurisdiction over the case under CCP Article 2088, and therefore, any subsequent judgments rendered by the trial court were null and void.
The judgment of January 24, 1977 reflects that only Crown Zellerbach's peremptory exceptions were sustained and suit was dismissed as to Crown Zellerbach. The minutes of February 16, 1977 granting Welch a devolutive appeal also reflect that only the judgment of January 24, 1977, sustaining Crown Zellerbach's peremptory exceptions, was being appealed. The First Circuit Court of Appeal did not issue a stay order in this action. Neither this court nor the Louisiana Supreme Court in opinions concerning that appeal ever considered that any judgment relating to Campbell's and Southern's exception was before them. Both of these opinions dealt only with the sustaining of Crown Zellerbach's peremptory exceptions as to Welch. B. E. Welch v. Crown Zellerbach Corp., 351 So.2d 1255 (La. App.1st Cir. 1977) and B. E. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978).
The January 24, 1977 judgment was a final judgment as between Welch and Crown Zellerbach. We recognize that under the Louisiana Code of Civil Procedure multiplicity of appeals and piecemeal litigation are not favored. However, our Code of Civil Procedure does provide for the rendition of a partial final judgment. CCP Article 1915 provides in part:
"A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
"If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case."
In the instant case the trial court dismissed plaintiff's suit as to one defendant [Crown Zellerbach] upon its sustaining the peremptory exceptions Crown Zellerbach had presented.
*590 The article clearly states "If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case." (emphasis supplied).
Further CCP Article 2088 provides:
"The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code; or
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal."
This article is to be understood to divest the trial court of jurisdiction over the case when the appeal is taken only with respect to those matters which are reviewable under the appeal. Therefore, since the January 24, 1977 judgment mentioned only the sustaining of peremptory exceptions and the dismissal of plaintiff's suit as to Crown Zellerbach, it was the only matter reviewable on appeal and therefore only this fell under the divesting effect of CCP Article 2088. Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970).
While we appreciate the problems involved in this lengthy and procedurally complicated case, we find that the trial court was not divested of jurisdiction as to Campbell's and Southern's exception when Welch was granted its devolutive appeal as to the sustaining of Crown Zellerbach's peremptory exceptions.
Having determined that the trial court retained jurisdiction over Campbell and Southern, we now proceed to the actions taken by the trial court subsequently.

SUBSEQUENT ACTIONS
On April 6, 1977, the trial court signed a judgment sustaining Campbell's and Southern's exception of res judicata and dismissing plaintiff's cause of action against them. No appeal was ever taken from this judgment. However, on April 12, 1977, Welch filed a pleading titled "Motion For New Trial And/Or To Set Aside For Judgment." This pleading was not acted upon by the trial judge but for the reasons given below, we believe that Welch abandoned this motion for new trial if indeed it was intended as such.
Welch stated his reasons for filing this motion were (1) that he had been denied a motion for new trial on February 7, 1977, and that (2) when his appeal was granted on February 16, 1977, that under CCP Article 2088, the trial court was divested of jurisdiction in the case.
It is important to note here that Welch has consistently asserted that once the appeal was granted as to the judgment of January 24, 1977 sustaining Crown Zellerbach's peremptory exceptions, the trial *591 court was divested of jurisdiction. Therefore, it could easily be construed that when he filed the motion of April 12, 1977, he was not asking for a new trial as to Campbell's and Southern's exception of res judicata since he believed his February 7, 1977 motion for new trial included all the defendants in the case. We need not go that far, however, for several reasons. Welch in his brief stated ". . . we admit Welch is individually barred from any money demands against Campbell and So. Casualty Ins. Co.", and further argued that if Campbell and Southern were aggrieved by the January 24, 1977 judgment, they should have filed a motion for new trial as it was not Welch's place to file this motion for them. Welch did not even discuss this April 12, 1977 motion in his brief and, in fact, asserted that the relief he prayed for was an annulment of the April 6, 1977 judgment. This is further supported by Welch's next action on December 2, 1977, when he filed a petition to annul the judgment. For these reasons, we believe that Welch abandoned any motion for new trial he may have been asserting in the April 12, 1977 motion.
We now proceed to the December 2, 1977 petition to annul the judgment of April 6, 1977. In this petition Welch alleged that since the trial court lacked subject matter jurisdiction because of the appeal perfected, it constituted ill practice on the part of Campbell and Southern to obtain the signing of the April 6, 1977 judgment. Apparently, Welch was alleging both an absolute nullity based on CCP Article 2002(3) [lack of subject matter jurisdiction of the court] and a relative nullity based on CCP Article 2004 [a final judgment based on fraud or ill practice]. We must note here that having found that the trial court retained jurisdiction, the charge of fraud and ill practice cannot stand.
On December 15, 1977, Campbell and Southern filed a peremptory exception alleging no cause of action to the petition to annul. The exception was based on their argument that under CCP Article 2088, the trial court retained jurisdiction and, therefore, all of the grounds Welch alleged as a basis for a nullity of the April 6, 1977 judgment were without foundation. On February 17, 1978, a hearing was held on this exception and a judgment rendered sustaining the exception and dismissing Welch's petition.
On February 21, 1978, Welch filed a motion for new trial. La.CCP 1974 provides that when notice of the signing of a judgment is required under Article 1913, (which it was in this case) the delay for applying for new trial begins to run on the day after the clerk has mailed, or the sheriff has served, the notice of signing of judgment as required by Article 1913. On February 27, 1978, the judgment was signed and notice of the signing was sent to the parties. The motion of February 21, 1978 was a request to the trial court for the reopening of the proceedings for further evidence in the interests of justice. Under La.CCP Article 1631 and Article 1632 the trial court may exercise its discretionary power and grant a reopening of the proceedings. Thompson v. Bullock, 236 So.2d 892 (La.App.3rd Cir. 1970). When the court signed the judgment on February 27, 1978 without reopening the case it, in effect, denied the motion. Chamblee v. Chamblee, 340 So.2d 378 (La. App.4th Cir. 1976).
Under CCP Article 1974, Welch had seven days, starting on February 28, 1978, to apply for a new trial. Welch failed to do so. Instead, on May 24, 1978, after all delays for appeal had run on the judgment of February 27, 1978, Welch filed a pleading titled "Motion To Assign (1) Rule To Compel (2) New Trial: Alternatively Motion For Summary Judgment." Welch alleged the nullity of both the April 6, 1977 judgment and the February 27, 1978 judgment, and prayed for a new trial and/or a summary judgment setting aside the null judgments.
On June 5, 1978, Campbell and Southern filed a pleading titled "Motion For Rule To Show Cause Why Plaintiff's Motion Should Not Be Stricken And Previous Order To Show Cause Should Not Be Recalled." Campbell and Southern alleged that Welch *592 had appealed neither the April 6, 1977 judgment nor the February 27, 1978 judgment, and generally objected to this new action by Welch. On June 16, 1978, the rules to show cause were consolidated and the matter submitted on written argument.
On July 27, 1978 two judgments were signed. When this court originally issued the writ, we were under the impression that one judgment had been rendered which both vacated a previous judgment of the trial court and granted a new trial. The record before us reveals there were two separate judgments rendered the same day. One judgment of July 27, 1978 annulled and vacated the judgment sustaining the exceptions of Campbell and Southern without identifying the affected judgment. The second judgment of July 27, 1978 granted Welch a new trial as to the February 27, 1978 judgment. It was from these last two judgments that this writ was taken.
First, as to the July 27, 1978 judgment annulling and vacating Campbell's and Southern's exceptions, Welch is attempting by a rule to show cause to annul a judgment. This procedure does not comply with the general rule that an action of nullity should be asserted by a direct action. Nethken v. Nethken, 307 So.2d 563 (La. 1975); American Bank & Trust Company v. Marbane Investments, Inc., 337 So.2d 1209 (La.App.3rd Cir. 1976).
We find that Welch had no grounds for an action of an absolute nullity and therefore, under our jurisprudence, he is required to utilize an ordinary proceeding to annul a judgment. Having failed to do so, Campbell's and Southern's objections are well founded.
Also applicable here is the well established principal that an action of nullity may not be substituted for nor take the place of an appeal. Chauvin v. Nelkin Insurance Agency, Inc., et al., 345 So.2d 132 (La.App.1st Cir. 1977), writ refused.
The second July 27, 1978 judgment granted Welch a new trial as to the February 27, 1978 judgment. For the reasons stated previously, we hold the May 24, 1978 motion for new trial was untimely.
For these reasons, the writ of mandamus is made peremptory and the Honorable Gordon E. Causey, Judge of the Twenty-First Judicial District Court for the Parish of Tangipahoa is hereby directed to vacate, set aside and annul the judgments rendered in this case on July 27, 1978.
This case is remanded to the district court for further proceedings not inconsistent with this judgment. The stay of proceedings previously issued is hereby recalled and vacated.
We especially note that this decision does not affect the rights of Welch against Crown Zellerbach as specified in Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978).
Additionally, we note that we do not have presented to us any rights Crown Zellerbach may have as against Campbell and Southern and we therefore do not discuss these.
WRIT MADE PEREMPTORY AND CASE REMANDED.
NOTES
[1] "The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.

"In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066."