WATKINS, Judge.
This case involves a claim for workmen’s compensation benefits by B. E. Welch for injuries allegedly sustained while cutting timber on land belonging to Crown Zeller-bach Corp. Plaintiff has alleged that Robert Campbell, Inc. and Crown Zellerbach Corp. are his statutory employers, that Austin Carpenter is his immediate employer, and Southern Casualty Insurance Co. is the workmen’s compensation insurer of Robert Campbell, Inc.
This matter has been the object of protracted litigation which has reached the appellate level before, resulting in four appellate opinions. See Welch v. Robert Campbell, Inc., 316 So.2d 822 (La.App. 1st Cir. 1975); B. E. Welch v. Crown Zellerbach Corp., 351 So.2d 1255 (La.App. 1st Cir. 1977); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), and Welch v. Crown-Zellerbach Corp., 365 So.2d 586 (La. App. 1st Cir. 1978).
The litigation initially took place in the proceeding entitled Barney Edward Welch v. Robert Campbell, Inc. and Southern Casualty Insurance Co. bearing Docket No. 38841-B of the Twenty-First Judicial District Court for the Parish of Tangipahoa. In that proceeding the court rendered judgment in favor of plaintiff for workmen’s compensation benefits based on total and permanent disability against Austin Car *272 penter, plaintiff’s immediate employer, and dismissed plaintiff’s suit against Robert Campbell, Inc. and its insurer, Southern Casualty Insurance Co., finding that Robert Campbell, Inc. was not the statutory employer of plaintiff. Crown Zellerbach Corp. was not a party to that proceeding. The judgment in that proceeding became final as a result of the decision of this court reported at 316 So.2d 822. The Louisiana Supreme Court refused writs in 321 So.2d 523. The present appeal is in the proceeding bearing Docket No. 43044 of the Twenty-First Judicial District Court for the Parish of Tangipahoa.
The facts of the cases are well stated in the earlier appellate opinions to which we refer the reader. For the most complete history and statement of the case, we refer to this court’s most recent opinion set forth at 365 So.2d 586, which decision was handed down on November 20,1978, remanding the case to the trial court.
Following this remand, the plaintiff, Barney Edward Welch (hereafter called Welch) filed a pleading entitled “First Supplemental Petition (after writs).” This pleading which was filed on May 21, 1979, again attempted to name Robert Campbell, Inc. (hereafter called Campbell) and its insurer, Southern Casualty Insurance Co. (hereafter called Southern) as defendants purportedly on the basis of alleged fraud and ill practices in the previous suit against them (Docket No. 38841-B), and sought unspecified money damages against them as solida-ry debtors with Crown Zellerbach Corp. (hereafter called Crown). On May 31,1979, Welch filed a pleading entitled “Second Supplemental Petition” which alleged that he was “invoking and specially pleading the doctrine of equitable estoppel.” On June 27,1979, Crown filed an Answer and Third Party Petition answering the First and Second Supplemental Petitions of Welch, and naming Campbell, Southern and Austin Carpenter (the immediate employer of Welch) as third party defendants, alleging that if Crown were held liable to Welch, then the third party defendants were liable in solido to Crown. In response to the main demand and third party demand against them, Campbell and Southern filed motions to dismiss, exceptions of no cause of action and res judicata and answers. The motion to dismiss and exceptions were overruled by the trial court. After trial on the merits, judgment was rendered on February 12, 1980, in favor of plaintiff, Welch, and against Crown, Campbell, Southern and Austin Carpenter, “jointly, individually and in solido”, for workmen’s compensation benefits for total and permanent disability, for penalties and attorney’s fees. The trial court further rendered judgment on the third party demand in favor of Crown and against Campbell and Southern. Crown, Campbell, and Southern have appealed sus-pensively and devolutively. It does not appear from the record that Austin Carpenter was ever served and cited as a third party defendant, nor does the record show that he ever appeared in this proceeding.
PRINCIPAL DEMAND AGAINST CAMPBELL AND SOUTHERN
Upon the remand of this case by our decision of November 29, 1978, 365 So.2d 586, plaintiff, Welch, in his pleading entitled “First Supplemental Petition” (after writs) again named Campbell and Southern as defendants in his principal demand. A supplemental petition was subsequently filed pleading the doctrine of equitable estoppel. The most that can be said for these two pleadings is that they were an inept attempt to relitigate the claim against Campbell and Southern, notwithstanding the prior decision of this court. Defendants Campbell and Southern correctly maintain that the principal demand now pursued against them is barred by res judicata as judgment was earlier rendered in their favor on the prior appeal resulting in our decision on November 20, 1978, reported at 365 So.2d 586.
Plaintiff contends that the prior judgments (arising from Docket No. 38441-B) were based on wrongfully and fraudulently withheld evidence, and that, therefore, the prior judgments were nullities. We cannot agree.
*273 The facts that supposedly were wrongfully withheld are that the accident took place on Crown’s land, and that there was a contractual relationship between Austin Carpenter and Campbell. However, the first fact was known to plaintiff as early as the trial on the merits on May 7,1973, in Docket No. 38441-B, because he testified as to this fact. See Welch v. Robert Campbell, Inc., supra. Additionally, this first fact (that the accident took place on Crown’s land) was alleged by counsel for plaintiff in a pleading filed February 10, 1976, and the facts leading to the establishment vel non of the second “fact” (that there was a contractual relationship between Carpenter and Campbell, which is really a construction of law) were available to plaintiff at the time of the first trial on the merits (Docket No. 38441-B) in answers to plaintiff’s interrogatories, which plaintiff failed to introduce into evidence although the said answers were in the record. Thus, there was no fraud as to the second “fact”, and the “fraud” as to the first fact, that the accident took place on Crown’s land, was known by plaintiff as early as May 7, 1973. The trial court in its written reasons stated that Southern was engaged in a “cover-up of the facts”. This is not correct, as Southern certainly had no obligation to introduce evidence in support of plaintiff’s case. In a system of adversary determination, we do not think it accurate to state there was a “cover-up” when there was not one indication of an attempt to suppress facts.
Under art. 2004 of the LSA Code of Civil Procedure, an action of nullity must be brought within one year of the discovery of the fraud or ill practice if the action of nullity is predicated on those grounds. Plaintiff, in the petition filed by him on February 10, 1976, in this proceeding, naming Campbell and Southern as defendants, sought to set aside the final judgment in the first proceeding (Docket No. 38441-B) alleging therein, as we have stated, that the “facts”, that the accident took place on Crown’s land, and that Welch was covered by Campbell’s insurer, were wrongfully withheld from plaintiff. Thus, substantially the same allegations were made by plaintiff on February 10, 1976, that were subsequently made in the petition against Campbell and Southern on the grounds of fraud or ill practice that was filed by plaintiff on May 21, 1979. This fact, that the accident took place on Crown’s land, which plaintiff alleged on February 10, 1976, was fraudulently withheld from him was, as we have shown above, known to plaintiff at least as early as May 7, 1973.
The prescriptive period of one year had clearly run, and thus Campbell’s and Southern’s plea of one year prescription, overruled by the trial judge, is hereby sustained, and Campbell and Southern are dismissed as defendants in the main demand.
PRINCIPAL DEMAND AGAINST CROWN
As is seen in the Supreme Court's decision at 359 So.2d 154 (1978), Crown’s plea of prescription, res judicata, and collateral es-toppel were overruled and the matter remanded for trial. We do not agree with that ruling in all respects, but we are compelled to follow it.
We find that an accident occurred, in which plaintiff Welch sustained an injury to his back, as plaintiff contends, and the trial court found. The trial court also found, after trial on the merits, that a contract existed between Crown and Campbell, and that Crown was obligated to pay compensation as statutory employer and as principal in a series of contracts in which Crown was principal, Campbell contractor, Carpenter subcontractor, and Welch employee. The trial court made a specific finding that Campbell had contracted to supply Crown with timber. We have found a written contract to that effect in the record, and, in addition, the transcript supports a determination that such a contract existed, and was in force at the time of the accident.
We have some difficulty in arriving at a determination that a contract to furnish timber existed between Carpenter and Campbell. It is necessary to find such a contract to award compensation, and we must assume the trial court found the exist *274 ence of such a contract, although its written reasons do not directly so state. We hold that there was sufficient evidence to permit the trial court to arrive at such a conclusion. Campbell’s secretary referred Welch to a physician when Welch was hurt. Campbell directed Welch to the timber to be cut earlier on the day on which he was hurt. Also, the timber was on Crown’s land, plaintiff was hurt on Crown’s land, and, as we have seen, a contract existed between Crown and Campbell. No evidence was presented by the defendants, who rested their case following plaintiff’s presentation of his case. We, therefore, find there was sufficient evidence to find that a contract existed between Carpenter and Campbell.
On the question of the existence and severity of the injury, we have the testimony of only one expert, Dr. Alan C. Farries, an orthopedic surgeon. However, that deposition clearly reveals that Welch’s accident aggravated a pre-existing condition of his back, and that because of pain Welch could not, or should not, return to the type of work he was doing at the time of injury, cutting and loading timber. We, therefore, find no reversible error on the part of the trial court in its holding that Welch was totally and permanently disabled.
THIRD PARTY DEMAND OF CROWN AGAINST CAMPBELL AND SOUTHERN
Campbell and Southern contend that the determination, in plaintiff’s initial suit (Docket No. 38441-B) against them, that Campbell was not plaintiff’s statutory employer, precludes a determination in the present suit that Campbell was plaintiff’s statutory employer by virtue of the doctrine of res judicata. The third party demand could be enforced only if it was the case that Campbell was plaintiff’s statutory employer.
The determination of that question involves a determination of the nature of Louisiana’s doctrine of res judicata, which is founded upon LSA-C.C. art. 2286, which reads as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
It is stated in a comment in 53 Tul. L.R. 875 (1979) that under French doctrine, which is based upon a French Codal article with substantially the same language as our own and which is the source of our art. 2286, that the requirement that there be an identity of parties is met if one party appears in the same quality as another and thus represents another. The French permit one solidary debtor to represent another under this view. However, it was held by implication by the Louisiana Supreme Court in the earlier Welch v. Crown Zellerbaeh Corp., 359 So.2d 154 (1978), that subcontractors, contractors and principals in a workmen’s compensation claim are debtors in solido, and a judgment against one is not a bar to an action against another, because the parties are not identical. Thus, it was held, res judicata does not apply. Similarly, we are compelled to hold in the present third party award, although there is identity as to the issue, the parties in the prior judgment in favor of Campbell and Southern differ from the parties to the present third party demand of Crown against Campbell and Southern and, thus, representation between co-debtors in solido not being permitted, res judicata does not apply.
Campbell and Southern further contend that for a third party demand to be brought against a contractor or subcontractor, the employee must have had a cause of action against the contractor or subcontractor, and that Welch had none for the reason that Welch’s claim against Campbell had already been decided adversely to Welch. A careful reading of the second paragraph of LSA-R.S. 23:1061, upon which Campbell’s and Southern’s contention is based leads to a contrary conclusion. That statutory provision reads as follows:
*275 “Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.”
The statute speaks in terms of “would have been liable ... ”, thus indicating that the positions of the parties at the time of injury, not at the time of litigation seeking to enforce the provision is brought, is determinative. We cannot accept the third party defendant’s interpretation of the statute.
ATTORNEY’S FEES
Judgments adverse to plaintiff have been rendered many times in proceedings that were well argued, and in decisions that were soundly reasoned. Thus, a real and substantial question existed as to whether or not plaintiff’s claim for benefits had merit in fact or in law. Hence, we find denial of compensation was clearly not arbitrary and capricious, and reverse the trial court’s award of penalties and attorney’s fees.
DECREE
For the foregoing reasons, we sustain the exceptions of prescription and res judicata of Robert Campbell, Inc. and Southern Casualty Insurance Co., as to the principal demand, and render judgment herein dismissing them as defendants in the principal demand.
The judgment of the trial court is reversed insofar as it awards plaintiff penalties and attorney’s fees.
Since Austin Carpenter was not served or cited and made no appearance in this proceeding, the trial court was without jurisdiction and, accordingly, its judgment against him is reversed.
In all other respects, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against Robert Campbell, Inc. and Southern Casualty Insurance Co.
AFFIRMED IN PART, REVERSED IN PART.