HIGGINBOTHAM, J.
| sThe plaintiff homeowners appeal a summary judgment dismissing their claims against a subcontractor’s commercial general liability insurer for property damage alleged to have resulted from defective Chinese-manufactured drywall that the subcontractor installed in their home before they purchased it. For the following reasons, we vacate the judgment, sustain the peremptory exception of no right of action noticed by this court on our own motion, and remand for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
In February 2006, Crosby Development Company, L.L.C. (Crosby) designed and began construction of a house located at 201 Rue Esplanade in Lakeside Village Subdivision in Mandeville, Louisiana. On April 26, 2006, a subcontractor, Calmar Construction Company, L.L.C. (Calmar), installed Chinese-manufactured drywall (Chinese drywall) in the house. On November 1, 2007, the plaintiffs, Jason and Renee Niemann (the Niemanns), purchased the home from the subdivision developer, Lakeside Village Development, L.L.C. (Lakeside).
Approximately two-and-a-half years after they purchased the home, the Niem-anns instituted this action on May 24, 2010. They sought damages due to alleged breach of warranties and negligence regarding the installation of defective Chinese drywall in their home.[1] The Niem-anns sued Crosby, Calmar, and Lakeside, as well as each defendant’s commercial general liability (CGL) insurer. The Niemanns alleged that their house had redhibitory defects as a result of the installation of the defective Chinese drywall. They also alleged that the builder, developer, and subcontractor all knew or should have known of the defects, but | ¿failed to disclose them to the Niemanns.[2] The Niemanns claimed they were not aware that their new home contained defective Chinese drywall at the time of the sale, and had they known, they would not have made the purchase. They also claimed that the Chinese drywall caused them damages, economic loss, and rendered their home defective, unfit, and useless for its intended purpose.
From July 16, 2004, through July 16, 2007, Calmar was continuously insured by defendant, American Empire Surplus Lines Insurance Company (American Empire), through three consecutive CGL policies of excess liability insurance that were issued and renewed annually. American Empire filed a motion for summary judgment in response to the Niemanns’ lawsuit, *1043 maintaining that the last CGL policy issued by American Empire to Calmar expired before the Niemanns purchased the house and before the Niemanns became aware of the defective Chinese drywall that had been installed in the house. Accordingly, because the Niemanns’ property damage did not manifest itself during any of the relevant CGL policy periods, American Empire asserted that insurance coverage for Calmar’s alleged liability was never triggered, and therefore, it did not provide coverage for the Niemanns’ claims against Calmar. The trial court agreed with American Empire’s assertion that coverage was never triggered, and after a hearing on January 26, 2011, the trial court granted summary judgment in favor of American Empire. A judgment dismissing, with prejudice, the Niemanns’ claims against American Empire was signed on February 8, 2011. The Niemanns appealed.
On appeal, the Niemanns maintain that the trial court incorrectly applied the manifestation trigger theory to this third-party insurance claim for construction |,^defects.[3] They also argue that American Empire’s CGL policy contains ambiguous provisions that should be construed against American Empire. Alternatively, the Niemanns contend that the trial court erred in dismissing their claims before adequate discovery was conducted. However, for the following reasons, we do not reach the merits of any of the Niemanns’ arguments regarding the trial court’s grant of summary judgment in favor of American Empire. Instead, we sustain the peremptory exception of no right of action noticed by this court on our own motion.[4]
RECENT JURISPRUDENCE
In a recent decision, Eagle Pipe and Supply, Inc. v. Amerada Hess Corp., 2010-2267 (La.10/25/11), 79 So.3d 246, the Louisiana Supreme Court held that a subsequent purchaser of land, which had allegedly been contaminated with radioactive material more than two decades prior to the sale, had no right of action against a third party for non-apparent property damages inflicted on the property before the sale, in the absence of an assignment of or subrogation to that right.[5] In Eagle *1044 Pipe, the supreme court specifically noted that the various theories of [¿insurance contract interpretation regarding coverage triggers were not applicable to the right of action analysis, and our focus should be premised on the basic understanding that damage to property in Louisiana is considered as damage to the owner’s rights in the property. See Eagle Pipe, 79 So.3d at 277-78 n. 75. Thus, the supreme court articulated an issue in Eagle Pipe that is pertinent to this appeal: whether a subsequent purchaser of property has the right to bring suit against a third party and seek damages for injury to its property that was inflicted before the purchaser became owner of the property.
Because the objection of no right of action was not raised by the parties to this appeal and that issue had the potential of mooting our consideration of third-party insurance coverage in this case, this court issued an interim order, while the appeal was pending, requesting that the parties file supplemental briefs in light of Eagle Pipe. We asked the parties to specifically address whether the Niemanns, as subsequent purchasers, have a right of action against the third-party subcontractor, Cal-mar, and Calmar’s CGL insurer, American Empire, for non-apparent damages that were inflicted on the property prior to the purchase of their home. The parties timely filed supplemental briefs as ordered. Additionally, the Niemanns filed an unopposed motion to supplement the record on appeal with documents, including the act of sale between the Niemanns and the previous owner, Lakeside. The Niemanns contend that the documents were produced by Lakeside in response to the Niemanns’ discovery requests for production. The Niemanns insist that the documents contain evidence of the Niemanns’ subrogation to the right of action for damages against a third party. The Niemanns’ motion to supplement was referred to the merits of this appeal.
MOTION TO SUPPLEMENT APPELLATE RECORD
At the outset, we note that the Niemanns, as appellants, are charged with the responsibility of completeness of the record for appellate review, and the | ./inadequacy of the record is imputable to them. See Luper v. Wal-Mart Stores, 2002-0806 (La.App. 1st Cir.3/28/03), 844 So.2d 329, 333 n. 3. When the Niemanns appealed the trial court’s grant of summary judgment in favor of American Empire, they designated the portions of the record that they considered necessary for their appeal, in accordance with La. C.C.P. art. 2128. As an appellate court, we have no jurisdiction to review evidence that is not in the record on appeal, and we cannot receive new evidence. City of Hammond v. Parish of Tangipahoa, 2007-0574 (La.App. 1st Cir.3/26/08), 985 So.2d 171, 176; Pinegar v. Harris, 2006-2489 (La.App. 1st Cir.5/4/07), 961 So.2d 1246, 1249. An appellate court must render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions (if applicable), judgments, and other rulings, unless otherwise designated. See La. C.C.P. art. 2127 and 2128; Official Revision Comment (d) for La. C.C.P. art. 2127; Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).
*1045 We further note that appellate briefs are not part of the record, and an appellate court has no authority to consider on appeal facts referred to in argument of counsel, in such briefs, or in exhibits containing matters that are not in the pleadings or evidence, and as such, are outside the record. Tranum, 581 So.2d at 1026-27; Franklin v. City of Baton Rouge, 525 So.2d 674, 675 (La.App. 1st Cir.1988). Notably, the documents on which the Niemanns rely in their motion to supplement were allegedly filed as discovery responses but never actually filed in the trial court record or admitted into evidence at the hearing on American Empire’s motion for summary judgment. Discovery responses are not evidence. See Realty Mart, Inc. v. Louisiana Bd. of Tax Appeals, 336 So.2d 52, 54 (La.App. 1st Cir. 1976). “Evidence” is testimony and matter that has actually been ^presented at trial. Id. Therefore, facts obtained through the use of discovery devices, such as written interrogatories and the instant responses to requests for production of documents, are not of themselves evidence, but they may become evidence by introduction as such at the trial of the matter. See Welch v. Robert Campbell, Inc., 316 So.2d 822, 825-26 (La.App. 1st Cir.), writ denied, 321 So.2d 523 (La.1975).
Discovery devices prior to introduction into evidence are merely tools whereby each litigant is given the opportunity to search for and obtain information. Welch, 316 So.2d at 826. Until such information is introduced at trial, a party has no knowledge that the information may be used against it, nor does it know the context in which it will be used. Id. Consequently, opposing counsel has no opportunity to object to, rebut, explain, or engage in a legal confrontation regarding possibly determinative evidence. See Greenfield v. Lykes Bros. S.S. Co., 2002-1377 (La.App. 1st Cir.5/9/03), 848 So.2d 30, 33; Welch, 316 So.2d at 826. The Louisiana Supreme Court has held that evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Management Services, Inc., 2007-2143 (La.5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Id.
Having reviewed the record, we conclude that the documents referred to in and attached as exhibits to the Niemanns’ supplemental brief and in their motion to supplement filed with this court were never actually filed in any of the trial court proceedings, and therefore, were not part of the trial court record or the record on appeal. It is inappropriate to order the record supplemented with documents that have never been offered, introduced, or admitted into evidence. See Estate of Nicks v. Patient’s Compensation Fund Oversight Bd., 2005-1624 (La.App. 1st Cir.6/21/06), 939 So.2d 391, 400 n. 8; Williams Law Firm v. Bd. of Sup’rs of Louisiana State University, 2003-0079 (La.App. 1st Cir.4/2/04), 878 So.2d 557, 562. Furthermore, requests for supplementation of the record are more properly directed to the trial court. Dillon v. Freeman, 2009-0606 (La.App. 1st Cir.1/5/10), 30 So.3d 989, 990, writ denied, 2010-0264 (La.4/9/10), 31 So.3d 389. Accordingly, the Niemanns’ motion to supplement the appellate record with documents that were not introduced into evidence and made a part of the trial court record is denied. Those matters outside the appellate record will not be considered by this court.
NO RIGHT OF ACTION
We turn now sua sponte to a determination of the Niemanns’ right of action. The objection of no right of action may be raised by the defendant or noticed by the court on its own motion in either *1046 the trial or appellate court. La. C.C.P. arts. 927(B) and 2163; Eagle Pipe, 79 So.3d at 255 n. 16; Howard, v. Administrators of Tulane Educational Fund, 2007-2224 (La.7/1/08), 986 So.2d 47, 59; Howell v. Horrell, 99-1093 (La.App. 1st Cir.10/6/00), 808 So.2d 363, 368, writ denied, 2001-2546 (La.12/7/01), 803 So.2d 971. The objection of no right of action tests whether the plaintiff who seeks relief is the person in whose favor the law extends a remedy. Howard, 986 So.2d at 59. Generally, an action can only be brought by a person having a real and actual interest that he asserts. La. C.C.P. art. 681. Thus, the question is simply whether' the plaintiff has a right to sue the defendant. Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La.3/17/06), 929 So.2d 1211, 1217; OXY USA, Inc. v. Quintana Production Co. 2011-0047 (La.App. 1st Cir.10/19/11), 79 So.3d 366, 376, writ denied, 2012-0024 (La.3/2/12), 84 So.3d 536.
An appellate court should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid | incause of action for some person. Eagle Pipe, 79 So.3d at 256. Ultimately, the determination of whether a plaintiff has a right to bring an action raises a question of law, which is reviewed de novo considering the record and the substantive law regarding the right of action. Id.; Horrell, 808 So.2d at 368. Evidence supporting or controverting an objection of no right of action is admissible. Jackson v. Slidell Nissan, 96-1017 (La.App. 1st Cir.5/9/97), 693 So.2d 1257, 1261. We have the designated record connected with the summary judgment before us, including all of the pleadings and affidavits, which we can and will review to determine whether the Niem-anns have a right of action against American Empire and its insured, Calmar. See Horrell, 808 So.2d at 368; Ridgedell v. Succession of Kuyrkendall, 98-1224 (La.App. 1st Cir.5/19/99), 740 So.2d 173, 177. As is customary on consideration of an objection of no right of action, the aver-ments of fact in the pleadings will be taken as true in the absence of evidence to the contrary. Horrell, 808 So.2d at 368. Our examination begins with the pleadings. See Gisclair v. Louisiana Tax Com’n, 2010-0563 (La.9/24/10), 44 So.3d 272, 274 (per curiam), quoting Howard v. Administrators of Tulane Educational Fund, 2007-2224 (La.7/1/08), 986 So.2d 47, 60.
The Niemanns allege, in their original and supplemental and amending petitions, that they have been damaged due to the installation of defective Chinese drywall that immediately began to cause damage from the moment it was installed, which was before they bought their home, and continued to damage their home after the purchase.[6] They specifically allege that their claims against Calmar, the _|_ualleged installer of the Chinese drywall, are for breach of warranties and for negligence. The Niemanns sued American Empire under the Direct Action Statute, *1047 La. R.S. 22:1269, as the liability insurer for Calmar. Louisiana jurisprudence has consistently held that the Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive right of action against the insured. See OXY USA, 79 So.3d at 377. Thus, if there is no substantive right of action against American Empire’s insured, Calmar, then there is no procedural right of direct action against American Empire.
Our review of the record reveals that the Niemanns do not allege any facts in their pleadings, and there is no evidence in the record, regarding an assignment of, or subrogation to, the personal rights of the seller of the house, Lakeside. According to the supreme court, after conducting an exhaustive analysis of the subsequent purchaser rule in Eagle Pipe, an assignment or subrogation of personal rights belonging to the owner of the property when the damage was inflicted is required in order for a subsequent purchaser to have the right to recover from a third party for damage that was inflicted on the property before the sale. Eagle Pipe, 79 So.3d at 275. Whether the damage to the property is apparent or not, the personal nature of the right of the landowner at the time that the damage is inflicted does not change. Thus, the personal rights of the former owner do not pass with the property in an act of sale unless specifically assigned or subrogated to the new owner.[7] Id., 79 So.3d at 276. In the absence of an assignment or subrogation of this personal right, the subsequent purchaser of the property cannot recover from a third party for property damage inflicted prior to the sale. Id., 79 So.3d at 279. The record on appeal does not reflect such an express assignment or subrogation.
[ ^Additionally, the supreme court rejected the claim in Eagle Pipe that the subsequent purchaser was entitled to assert a right of action for continuing damage to the property after the sale, noting that such a right would only exist in the case of a continuing tort, which the court concluded was not alleged. Eagle Pipe, 79 So.3d at 279. Emphasizing that where the wrongful conduct was completed but the plaintiff continued to experience injury, the supreme court found no continuing tort in the absence of any further tortious activity. See Id., 79 So.3d at 279. The Niemanns’ petition does not allege continuing, persistent, or ongoing unlawful or tor-tious acts by Calmar. Instead, the Niem-anns’ allegations assert that the wrongful conduct occurred immediately upon the installation of the alleged defective Chinese drywall, which undisputedly occurred before they purchased the house. The injury, which the Niemanns claim, results from the continued presence of the Chinese drywall in their home, which is simply the continuing ill effect from the installation. The fact that the Niemanns discovered the continuing ill effects of the alleged tortious installation of the Chinese drywall does not give rise to a new right of action in tort against the installer (Calmar) after the sale of the house. See Id.
*1048 Our de novo review of the allegations in the Niemanns’ petition and the evidence in the record on appeal reveals that the Niemanns do not have a right of action to seek damages against the third-party subcontractor, Calmar, and its insurer, American Empire, for non-apparent property damage that was inflicted before they purchased their home unless the Niemanns were assigned or subrogated to that right by the previous property owner, Lakeside. The record does not reflect such an assignment or subrogation. For this reason, we render judgment sustaining the peremptory exception of no right of action properly noticed on our own motion. La. C.C.P. art. 927; Gisclair, 44 So.3d at 280. Our holding relies heavily on the supreme court’s analysis and reasoning found in Eagle Pipe, which ]13we find to be indistinguishable and which we are compelled to follow.[8] Thus, the Niem-anns’ claims against American Empire must be dismissed, and while our holding has the same result as the trial court’s grant of summary judgment in favor of American Empire, we hereby vacate the trial court’s summary judgment.
Additionally, although the Niemanns failed to allege sufficient facts in their pleadings to give them a right of action, we find that they must be afforded the opportunity to amend their petition to do so. Louisiana Code of Civil Procedure article 984 provides that:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
The Niemanns allege in their supplemental appellate brief that they are fully subro-gated to the rights of Lakeside against Calmar and its insured, American Empire, by means of a subrogation clause in the act of sale that conveyed the property from Lakeside to them. If the Niemanns had pleaded this alleged fact in their petition, they would have potentially stated a right of action against Calmar and American Empire. Therefore, we remand this case to allow the Niemanns the opportunity, within thirty days from the finality of this judgment, to sufficiently amend their petition in the trial court, if possible, to state a right of action pursuant to La. C.C.P. art. 984. Our decision on the peremptory exception of no right of action pretermits our consideration of the third-party insurance coverage trigger theory issues raised in this appeal.
^CONCLUSION
For the outlined reasons, we deny Jason and Renee Niemann’s motion to supplement the appellate record, and we vacate the trial court’s summary judgment in favor of American Empire Surplus Lines Insurance Company. Additionally, we find that, as subsequent purchasers with no evidence of record regarding an assignment or subrogation of personal rights *1049 from the previous owners, Jason and Renee Niemanns’ petition fails to disclose a right of action against third parties for damage to their property that was not apparent at the time of sale and was inflicted on the property before they purchased it. Therefore, we sustain the peremptory exception of no right of action, properly noticed on our own motion, and dismiss, without prejudice, Jason and Renee Niemann’s claims against American Empire Surplus Lines Insurance Company. We remand this matter to the trial court to allow Jason and Renee Niemann no more than thirty days from the finality of this judgment to amend their pleadings, if possible, to state a right of action against American Empire Surplus Lines Insurance Company and Calmar Construction Company, L.L.C., and for further proceedings consistent with this decision.[9] All costs of this appeal are to be split equally between American Empire Surplus Lines Insurance Company and Jason and Renee Niemann.
MOTION TO SUPPLEMENT APPELLATE RECORD DENIED; SUMMARY JUDGMENT VACATED; EXCEPTION OF NO RIGHT OF ACTION SUSTAINED; CLAIM DISMISSED WITHOUT PREJUDICE; AND CASE REMANDED WITH INSTRUCTIONS.

. Chinese drywall has been found to emit sulfur compounds that, immediately upon contact with metal surfaces, initiate and continue rapid sulfur corrosion that causes instant and continuous damage from the moment it is installed. Chinese drywall renders the home useless and/or uninhabitable due to sulfur gases and damage to the electrical wiring, appliances, and other devices. See In re Chinese Manufactured Drywall Products Liability Litigation, 759 F.Supp.2d 822, 832 (E.D.La.2010).

. Not all of the named defendants have interests before us on this appeal. The only relevant defendants for this appeal are Calmar and its excess insurer, American Empire Surplus Lines Insurance Company.

. "First-party” insurance covers a loss sustained by the insured, the first party to the insurance contract, as opposed to liability or "third-party” insurance, which covers the insured’s liability to a third party (a non-party to the insurance contract) for that party's loss. Mangerchine v. Reaves, 2010-1052 (La.App. 1st Cir.3/25/11), 63 So.3d 1049, 1055, n.4, citing Black's Law Dictionary, 817, 1518 (8th ed.2004).

. The objection of no right of action is urged through a peremptory exception raised by the defendant or noticed by the court on its own motion, in either the trial or appellate court. La. C.C.P. arts. 927 and 2163; Gisclair v. Louisiana Tax Com’n, 2010-0563 (La.9/24/10), 44 So.3d 272, 273 (per curiam), quoting Howard v. Administrators of Tulane Educational Fund, 2007-2224 (La.7/1/08), 986 So.2d 47, 59.

. The plaintiff in Eagle Pipe filed suit against the former landowners and the oil and trucking companies who were allegedly responsible for the soil contamination. The trial court granted exceptions of no right of action that were raised by the oil and trucking companies. The court of appeal initially affirmed the trial court, but then reversed on rehearing. The supreme court granted writs and reversed, concluding that a subsequent purchaser of property has no right of action against a third party for non-apparent property damages inflicted before the sale, without an assignment of the right or subrogation to that right. The supreme court also specifically found that the continued presence of the alleged contamination on the land was the continuing ill effect from the original tortious act that had occurred prior to the sale, and thus, the subsequent purchaser had no right of action against the third party for damages discovered after the sale. See Eagle Pipe and Supply, Inc. v. Amerada Hess Corp., 2009-0298 (La.App. 4th Cir.2/10/10), 47 So.3d 428, writs granted, 2010-2267, 2272, 2275, 2279, *1044 and 2289 (La.2/4/11), 56 So.3d 979-82, reversed, 2010-2267 (La. 10/25/11), 79 So.3d 246 (rehearing denied 1/13/12).

. The Niemanns rely on an expert’s opinion in the affidavit of Lori A. Streit, Ph.D., whose affidavit was attached to and filed in support of the Niemanns' opposition to American Empire’s motion for summary judgment. Dr. Streit opines that the mere presence of the defective Chinese drywall, upon the moment of installation and continuing forward in time, emits sulfur compounds that initiate and continue rapid sulfur corrosion upon contact with metal surfaces. As previously noted, the Chinese drywall eventually renders the home uninhabitable due to damage to the electrical wiring, appliances, and other devices, as well as the ever-present sulfur gases. See In re Chinese Manufactured Drywall Products Liability Litigation, 759 F.Supp.2d 822, 832 (E.D.La.2010).

. The supreme court examined the act of sale that was attached to the petition and offered as an exhibit at the hearing on the exception of no right of action in Eagle Pipe, finding that the phrase "[the sellers] do by these presents sell, transfer and deliver, ... and with full subrogation to all their rights and action of warranty against previous owners ...” was directed to the rights and actions of warranty against previous owners, and was not an express assignment or subrogation of personal rights to the new owner. Eagle Pipe, 79 So.3d at 281, 79 So.3d 246.

. As an intermediate appellate court, we are bound to follow the decisions of the supreme court when a question is not specifically regulated by statute and the supreme court has made the only available definitive ruling and the last expression of law as to the issue. Cavalier v. State, ex rel. Dept. of Transp. and Development, 2008-0561 (La.App. 1st Cir.9/12/08), 994 So.2d 635, 641.

. Pursuant to La. C.C.P. art. 931, an eviden-tiary hearing on the right of action may be necessary, so that American Empire and/or Calmar may introduce evidence to controvert the Niemanns’ amended pleadings on the trial of the exception and the Niemanns may introduce evidence to controvert any objections. See Howard, 986 So.2d at 59.