LABORDE, Judge.
Plaintiff, Harvey Pardee, filed suit against defendants-appellants, Bituminous Insurance Company (properly Bituminous Casualty Corporation), K&M Construction Company, Inc., and Jessie Walker for personal injuries sustained him in a two vehicle accident which occurred on U. S. Highway 71 in Campti, Natchitoches Parish, Louisiana, on November 21, 1978. The trial court held in favor of Pardee and awarded him $50,000 in general damages and $3,802.35 in special damages. Defendants appeal urging that we apply the “sudden emergency doctrine” to exonerate them; that we reduce the general damage award of the trial court; and that the special damage award for loss of income be disallowed. We amend and affirm. We hold that the application of the sudden emergency doctrine is not warranted in this case. Further, we find no abuse of discretion by the trial judge in the general damage award; however, the special damage award of $1,365.50 must be deleted since no evidence was introduced at the trial to support the award.
The salient facts are: The accident happened at dawn on slick, foggy U. S. Highway 71 in Campti, Louisiana on November 21, 1978. Defendant’s truck, owned by K&M Construction Company, Inc., driven by its employee, Jessie Walker, and insured by Bituminous Casualty Corporation, was proceeding in a northerly direction on Highway 71. As defendant’s truck approached an intersection which led to the Western Kraft paper mill, both the driver, Jessie Walker, and his passenger, Hardie Hines, testified that a large eighteen wheel logging truck which had passed them several minutes before, was stopped in the highway near the paper mill road intersection. Walker immediately applied the brakes, but due to the fact that the highway was slick, he was unable to stop his vehicle and was required to take evasive action in order to avoid colliding into the rear of the eighteen wheel truck. In so doing, Walker lost control of his vehicle and entered into the south bound lane. At this point, Pardee was traveling in his pickup truck in a southerly direction on Highway 71, saw the defendant’s vehicle and commenced to pull over to the right shoulder in order to avoid him, but was unsuccessful in doing so.
The trial judge found that the accident was caused solely by Walker. In his reasons for judgment he stated:
“BY THE COURT: On the morning of the accident, it was early in the morning and there was some question as to whether or not headlights were needed or not but nevertheless it is clear to the Court that according to the testimony of the investigating officer and drivers and passengers in the two different vehicles that the highway was slick, it had been raining during the night and it was foggy by everyone’s testimony and it was that time of morning that we call dawn. The accident happened in the city limits of Camp-ti where the speed limit was 45 miles an hour. The Court finds that Mr. Walker in driving the K&M Construction truck was guilty of negligence in failing to keep a proper lookout and failing to keep his vehicle under proper control and in *1069 failing to observe the stopped 18-wheeler in time to avoid leaving the Walker lane of traffic and entering the Pardee lane of traffic. The Court finds that the sole cause of the accident was the negligence of Mr. Walker in not seeking the truck which was stopped in the city limits of Campti, Louisiana.... ”
Since the eighteen wheeler had passed defendant’s truck several hundred yards prior to the accident site and had disappeared into the fog, only to re-appear at the paper mill intersection with no tail lights activated, defendants urge us to apply the sudden emergency doctrine to exculpate them from negligence.
To the contrary, our review of the record leads us to conclude that the sole and proximate cause of the accident was Walker’s failure to maintain a proper lookout and failure to keep his vehicle under control. In our opinion the trial court’s finding of fact —Walker’s negligence—is clearly correct and that finding will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Addressing the issue of quantum, the trial judge gave the following reasons for judgment:
“It was stipulated at the trial that Bituminous Casualty provided insurance coverage at the time of the accident; that the defendant driver was within the scope of his employment at the time of the wreck; that the policy limits exceed the amount of the lawsuit; and, that the property damage to plaintiff was $1,000.00.
The evidence submitted by the plaintiff and his witnesses show that as a result of the collision, the plaintiff suffered painful and disabling injuries. He missed 63 days of work with the Natchitoches Parish Police Jury, but lost no salary because he used accrued sick and annual leave while he was off work. He has sustained a marked loss of hearing; is now easily irritated, moody, and does not participate in social activities, fishing and hunting, which he did prior to the wreck.
The Court awards plaintiff the following:
Stipulated property damage $ 1,000.00
Medical and Surgical Clinic 247.00
Highland Clinic Optical Dispensary 278.25
Dr. John L. Greer 39.00
Dr. H. Winston Brown 100.00
Huckabay Memorial Hospital 234.50
Bates Cash Pharmacy 38.00
TOTAL. $ 1,936.75
The Court also makes the following awards:
Loss of wages, use of sick leave $1,365.60
Loss of use of vehicle 500.00
General damages, pain and suffering, loss of hearing 50,000.00”
We have examined the record within the parameters given by our Supreme Court in Reck v. Stevens, 373 So.2d 498 (La.1979) and find no abuse of discretion by the trial judge.
Finally we must determine whether Pardee is entitled to recover loss of wages when, as defendants claim, no evidence was introduced regarding either his pre or post accident rate of pay.
Our review of the record reflects that indeed no evidence was introduced as to Pardee’s rate of pay, and without such evidence, an award of lost wages is entirely improper. Wilson v. Jones, 294 So.2d 231 (La.App. 1st Cir. 1974).
We note that the bookkeeper for Pardee’s employer testified as to the number of days Pardee was off the job. However, no testimony was introduced as to his rate of pay. Pardee’s rate of pay is reflected in answers to interrogatories propounded by defendants. These were never introduced into evidence and may not be considered by trial or appellate courts. Olivers v. Couch Motor Lines, Inc., 159 So.2d 544 (La.App. 3rd Cir. 1964) and Welch v. Robert Campbell, Inc., 316 So.2d 822 (La.App. 1st Cir. 1975).
For the above and foregoing reasons the judgment of the trial court is amended to delete the award of $1,365.50 for lost wages and as amended is affirmed at defendant-appellants’ costs.
AMENDED AND AFFIRMED.