BARNETTE, Judge.
On November 28, 1962, a judgment was rendered in this proceeding in favor of *47 plaintiff Republic Supply Company against Pioneer Oil and Gas Co., Inc., and James R. Mary “jointly, individually, severally and in solido,” in the sum of $177,712.72, plus interest, attorney’s fees and costs. Under a writ of fieri facias issued on April 29, 1966, the sheriff was directed to seize and sell according to law 600 shares of stock owned by James R. Mary in Pioneer Petroleum Corporation.
Mary filed a petition on May 9, 1966, seeking, among other things, an injunction to enjoin the seizure and sale of the 600 shares of stock. A temporary restraining order was issued and a rule to show cause why a preliminary injunction should not be granted was ordered. After a hearing on the rule, judgment was entered on July 1, 1966, denying the preliminary injunction, dismissing the rule, and recalling the temporary restraining order. From that judgment Mary has appealed. All further proceedings were stayed pending the appeal.
The litigation between the parties herein began on April 6, 1962, when plaintiff Republic Supply Company filed a petition for executory process alleging a balance of $177,712.72, with interest, on a certain $200,000 mortgage note, dated July 21, 1961, made and signed by Pioneer Oil and Gas Co., Inc., by James R. Mary, president, and by James R. Mary, individually. On August 17, 1962, by supplemental petition the proceeding was converted into an action via ordinaria pursuant to LSA-C.C.P. art. 2644, and citation and service was effected on the defendants accordingly. On November 28, 1962, judgment was rendered against the defendants “jointly, severally, individually and in solido,” for the full amount as prayed with recognition of plaintiff’s special mortgage on certain oil, gas, and mineral royalty and also on fee interests in particularly described property in Terrebonne Parish, Louisiana.
We will omit a recitation of many aspects of this litigation which is not necessary to a disposition of the issue presented by this appeal.
On January 2, 1963, Republic caused a writ of fieri facias to issue directing the sheriff to make seizure and sale of the property described in the mortgage and judgment.
Thereafter it was learned that the Bank of The Southwest, located in Houston, Texas, was asserting prior mortgage claims against the described property. The sheriff was instructed to withhold advertising and sale and to proceed no further with execution of the writ. Then proceedings were had in the United States District Court, the details of which need not be discussed here. The writ of fieri facias issued on January 3, 1963, was never executed.
On April 29, 1966, another writ of fieri facias was issued in every respect identical (except in the amount of costs) to the first writ, except that it was limited to the seizure and sale of property, real and personal rights and credits, of James R. Mary only. It was pursuant to this writ that Mary’s stock in Pioneer Petroleum Corporation was seized.
Copied into the body of both writs and therefore, being an essential part thereof, is the judgment of November 28, 1962. After decreeing the money judgment against defendants “jointly, individually, severally and in solido,” with recognition of plaintiff’s mortgage on the property, fully described in the judgment and writs, the judgment and writs continue as follows :
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED:
That, in accordance with law, the said property be sold by the Civil Sheriff for the Parish of Orleans, at public auction, after due appraisement as the law directs, for cash, to the highest bidder; that out of the proceeds of said sale plaintiff be paid, by privilege, prefer *48 ence and priority over all other persons, the amount of this judgment, with interest, attorney’s fees and costs; and that the amount realized from said sale be credited ‘protanto [sic]’ upon the amount of this judgment, and, if not sufficient to fully pay and discharge the same, the unpaid balance of said judgment shall be executory and enforceable, in accordance with law, against any property belonging to the said defendants; costs to be paid by the defendants.”
The issue presented by this appeal is best stated in the assignment of errors in appellants’ brief as follows:
“The court erred in not enjoining the seizure of stock belonging to James R. Mary until the sheriff had first sold the immovable property described in the writ under which he was acting and until a deficiency had been established from such sale.”
The judgment and the writ for its execution against defendant Mary clearly decrees and directs the sheriff in the language quoted above to first seize and sell the mortgaged property described and:
“ * * * that the amount realized from said sale be credited ‘protanto [sic]’ upon the amount of this judgment, and, if not sufficient to fully pay and discharge the same, the unpaid balance of said judgment shall be executory and enforceable, in accordance with law, against any property belonging to the said defendants * *
The sheriff therefore was restricted by the terms of the judgment and the writ. This was his commission of authority which he was not at liberty to alter in any way nor deviate from. The writ was to be strictly construed and executed specifically “in the manner set forth in the writ.” LSA-C.C.P. art. 2253. Forrey v. Strange, 158 La. 941, 105 So. 21 (1925); Doucet v. Fenelon, 120 La. 18, 44 So. 908 (1907); Danneel v. Klein, 47 La.App. 928, 17 So. 466 (1895).
The plaintiff’s contention is that since this is a money judgment against the defendant Mary, individually and in solido, it is free to execute against him individually as sought herein and that concurrent writs may be directed to the sheriff under LSA-C.C.P. art. 2253. Ordinarily this would be a valid contention, but plaintiff is restricted by the judgment and the writ to execution in the manner set forth in the writ.
The strict and limiting provisions of the judgment, and hence the terms of the writ, perhaps can be explained by the fact that this proceeding was begun as a mortgage foreclosure by executory process. The prayer of the original petition was consistent with such a proceeding. It contained a prayer for issuance of a writ of seizure and sale. A supplemental and amended petition was filed waiving plaintiff’s right to have the property sold without appraisement as originally prayed, and praying that it be sold “after due appraisement as the law directs,” “in order to preserve its rights to proceed in the future via ordinaria for a deficiency judgment.” Later another supplemental and amended petition was filed converting the proceedings into one via ordinaria. The petition concluded with an appropriate prayer, including a paragraph containing the language quoted above.
Clearly plaintiff intended a foreclosure of its mortgage with reservation of its rights to pursue execution of the judgment deficiency after the sheriff’s sale of the mortgaged property. The judgment of November 28, 1962, from which emanates the writ of fieri facias in question, gave plaintiff exactly what it prayed for. It is bound by that judgment and execution thereof must be as the judgment itself orders and decrees.
The plaintiff contends that it would be a vain and useless thing to proceed with *49 sale of the mortgaged property. It argues, using the language of the trial judge taken from his reasons for judgment:
“PIONEER’S property in Terrebonne Parish has not been sold because the amount to be derived from its sale was insufficient to discharge prior liens and, thereafter, because the property has been tied up in the Federal Court litigation. If free of these, it would only bring at sale an amount which would reduce the judgment by less than one-fifteenth. * >[: sjs
The injunctive restraint of the federal court referred to was released, November 19, 1964.
We must reject this argument as being without merit. Under the terms of the judgment, the defendants are entitled to whatever credit may be realized out of the sale of the mortgaged property, thus reducing their contingent liability for deficiency. If no bid is received for an amount sufficient to discharge the prior mortgage, the sheriff’s return will so indicate. The plaintiff may then pursue its contingent rights in accordance with the terms of the judgment.
The fieri facias directed against James R. Mary individually and the seizure thereunder of 600 shares of stock owned by him in Pioneer Petroleum Corporation are contrary to law for the reasons stated above. Therefore, an injunction will lie under LSA-C.C.P. art. 2298.
The judgment in favor of Republic Supply Company against James R. Mary, denying the preliminary injunction, dismissing the rule and recalling the temporary restraining order while reserving to Republic Supply Company the right to damages for wrongful issuance of the writ, is annulled. The judge of Division “C” of the Civil District Court for the Parish of Orleans is ordered to grant the preliminary injunction prayed for, the temporary restraining order previously issued is now reinstated, and the case is remanded to the trial court for further proceedings, all in accordance with law and in conformity with the views herein expressed. Appellee herein is cast for cost of this appeal.
Judgment annulled; remanded.