294 So.2d 302 (1974)
AMERICAN BANK & TRUST CO.
v.
BLUE BIRD RESTAURANT AND LOUNGE et al.
No. 9546.
Court of Appeal of Louisiana, First Circuit.
March 11, 1974.
Rehearing Denied May 30, 1974.
Writ Refused July 1, 1974.
Warren L. Mengis, Baton Rouge, for appellant.
Frederick Kroenke, Jr., Baton Rouge, for plaintiff-appellee.
Robert H. Hodges, Baton Rouge, for appellee Capital Bldg. & Loan Assn.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge.
Plaintiff American Bank & Trust Company obtained the following judgment herein:
"IT IS ORDERED ADJUDGED AND DECREED, that the preliminary defaults as to Blue Bird Restaurant & Lounge, Inc., Blue Bird Drive-In, Inc. and Blue Bird of Nicholson, Inc. be confirmed and made final, and there by judgment herein in favor of the plaintiff, American Bank & Trust Company, and against the defendants, Charles E.

*303 Courtney, Sr., Blue Bird Restaurant & Lounge, Inc., Blue Bird Drive-in, Inc., and Blue Bird of Nicholson, Inc., in solido, in the full sum of $91,207.89 with interest thereon from March 8, 1971, until paid, at the rate of 8½% per annum, together with 10% additional on principal and interest as attorneys fees, and for 75% of the court costs of these proceedings;
"IT IS FURTHER ORDERED AND ADJUDGED AND DECREED that there is judgment herein in favor of the plaintiff, American Bank & Trust Company, and against the defendant, Herbert E. Courtney, in solido with Charles E. Courtney, Sr. and Blue Bird Drive-In, Inc., in the sum of $20,000.00 together with interest thereon at the rate of 8½% per annum from June 8, 1971, until paid, together with 10% additional upon principal and interest as attorney's fees, which $20,000.00 is included in the indebtedness of $91,207.89 due plaintiff by the defendants other than Herbert E. Courtney, and which $20,000.00 comprises the first portion of the larger indebtedness; 25% of the cost of these proceedings to be paid by defendant, Herbert E. Courtney;
"IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Writ of Sequestration previously issued herein is maintained, recognizing plaintiff's rights in and to its mortgages to secure payment of the aforesaid amounts, including principal, interest, attorneys fees and costs, against the properties described in those mortgages, and in accordance with law let the property be sold by the sheriff of East Baton Rouge Parish, Louisiana, at public auction, with appraisement for cash to the highest bidder, and out of the proceeds of the sale let plaintiff be paid by preference and priority over all other persons the amount of its claim, and if the amount received from the sale is not sufficient to pay plaintiff's claim in full, that the amount realized from the sale be credited on the judgments rendered, herein, the unpaid balance of the judgments to be executory and enforceable in accordance with law."
The judgment was appealed to this court, and was affirmed. See American Bank & Trust Co. v. Blue Bird Restaurant, 279 So.2d 720 (La.App. 1 Cir. 1973), to which opinion reference is made for a full recitation of the circumstances of the case. Writs were granted by the Supreme Court, 281 So.2d 752 (Sup.Ct.1973), and the matter is presently awaiting argument.[*]
Because the appeal taken was devolutive, the judgment became executory, and plaintiff seized certain bank accounts of Herbert Courtney by garnishment. Mr. Courtney then sought an injunction to prevent the garnishment proceeding, alleging that under the specific terms of the judgment, the property subject to the various mortgages must first be sold, and that the judgment becomes executory as to Herbert Courtney only if the proceeds of the sale are not sufficient to satisfy the first $20,000.00 of the judgment.
The prayer for an injunction was denied by the trial court, and from the judgment denying same, Herbert Courtney has appealed. The sole issue presented is whether or not the language of the judgment prohibits execution thereof against Herbert Courtney before the sale of the mortgaged property.
In construing a judgment, the entire context must be considered, and in the event of doubt or ambiguity, it is proper to consider the pleadings, the subject matter of the suit, the reasons for judgment, and other matters of record in order to arrive at an interpretation consistent with a proper decree on the facts and law presented. Sharp v. Zeller, 114 La. 549, 38 So. 449 (1905); Succession of Delesdernier, 184 *304 So.2d 37 (La.App. 4 Cir. 1966); Williams v. Williams, 17 So.2d 641 (La.App. 2 Cir. 1944).
In this case, we find that Herbert Courtney executed a continuing guaranty of a $91,207.89 note, limiting his guaranty to the first $20,000.00 of the indebtedness. He was not a maker or endorser of that note, nor of any of the collateral mortgage notes which were given to secure it further.
In the trial court, the principal issue was whether the continuing guaranty was conditional or absolute, it being Herbert Courtney's position that the guaranty was conditional and that he could become liable thereon only if the assets of the principal debtors were not sufficient to satisfy the obligation. The trial judge found the guaranty to be absolute and that "no discussion of the principal debtor's assets was necessary in order for his obligation to mature."
Mr. Courtney contends that, notwithstanding the foregoing, plaintiff prayed for the judgment rendered, and that it is bound by the terms thereof. He alleges that the language of the third paragraph of the judgment, quoted above, does not permit the judgment to become executory as to any property, other than the mortgaged property, until the mortgaged property has been sold, and has not brought enough to satisfy the judgment.
We cannot agree that the judgment is susceptible of this interpretation. The second paragraph thereof renders judgment for $20,000.00 against Herbert Courtney, in solido with his co-defendants. Even if the third paragraph of the judgment has the limiting effect claimed by Mr. Courtney, it could only have that effect against those who are bound for the mortgages. As pointed out above, Mr. Courtney's liability arises out of the continuing guaranty which he executed.
Further, it was clearly the intent of the trial court that Mr. Courtney's liability was absolute, and not dependent upon the primary debtors' ability to satisfy the judgment. If we were to interpret the judgment as suggested by Mr. Courtney, we would be giving it an effect almost exactly opposite to that intended by the court below, whose judgment has been affirmed by us.
Finally, it is our opinion that the language of the third paragraph is not intended to limit the plaintiff's right to execution against the responsible parties, but rather to negate the possibility that its recourse ends with the sale of the mortgaged property, as in the case of executory process without appraisement. The case of Republic Supply Co. v. Pioneer Oil and Gas Co., 199 So.2d 46 (La.App. 4 Cir. 1967) is distinguishable from this case on its facts, since the individual whose property was prematurely seized was a principal debtor whose liability was founded on the note sued on. However, to the extent that our holding in this case may conflict therewith, we must respectfully disagree with our brethren of the Fourth Circuit.
The judgment appealed from is affirmed, at appellant's cost.
Affirmed.
NOTES
[*] Editor's Note: The case was subsequently decided and appears at 290 So.2d 302 (La.1974).