CANNELLA, Judge.
Plaintiff, Eugene John Gibert, appeals from a judgment rendered in favor of defendants, Mary Driscoll, wife of/and Thomas Joseph Kennedy, granting their exception of res judicata. For the reasons which follow, we reverse the trial court judgment and remand the case for further proceedings.
This dispute involves three parcels of property. One parcel, referred to as A2, is currently owned by Gibert and adjoins a parcel, referred to as B2, currently owned by the Kennedys. In front of B2 and on the side of A2 is a small triangular shaped parcel of property that connects both parcels, at a bend in the street, to the public right of way, West Oakridge Parkway. The Kennedys and Gibert must both cross the triangular parcel to access their property from West Oakridge Parkway. There is currently a driveway across this triangular parcel leading to the Kennedys’ home. Gibert, to access his property, drives ^partially up this driveway and then makes a right turn across unimproved property to drive onto the side of his property. The current dispute was precipitated by the Kennedys’ planting shrubbery in the path that Gibert usually traverses and applying for a building permit which would allow the Kennedys to build a brick wall blocking Gibert’s access to his property. Gibert filed the instant action.
The factual history of this property dispute is relevant to an understanding of the claims presented in this suit. Gibert’s ancestor in title was Thompson Bechtel. The Kennedys’ ancestor in title was Stephen Conroy. In *450 1978, Bechtel obtained a building permit to build a driveway across the triangle to connect his parcel, A2, to the right of way. Conroy filed suit to enjoin construction of the driveway and filed a possessory action. Bechtel held title to the property by quitclaim. The two cases were consolidated and ultimately compromised. Bechtel and Con-roy executed a Settlement and Compromise Agreement and a Consent Judgment both dated April 14,1983. In the compromise and consent decree, the parties agreed to dedicate the triangular parcel to Jefferson Parish as part of the right of way of the adjacent street, West Oakridge Parkway. The parties also agreed to have a brick driveway constructed in a “Y” shape, with both parties using and sharing the cost of the lower part of the driveway, and each party paying for the extensions of the driveway that leads to their property. The settlement agreement contained a suspensive condition which provided:
9 — This settlement agreement shall be subject to the suspensive condition that a permit be issued to Plaintiff and Defendant by the appropriate department of the governing authority of Jefferson Parish, Louisiana, authorizing construction of the driveway contemplated in paragraph 1 hereof. Immediately upon issuance of such permit, the authentic act attached as Exhibit “E,” shall be recorded in the conveyance records of Jefferson ^Parish and the Consent Judgment shall be presented to the Court for entry of record.
The consent judgment was presented to the court and signed; however, the suspen-sive condition was never fulfilled, in that a permit to construct the driveway was never issued and no driveway was ever constructed.
Shortly thereafter, in 1983, Bechtel sold his parcel, A2, to Gibert. On October 17, 1985, Conroy sent a certified letter to Bechtel, with a copy to Gibert, expressing the view that driving over the unimproved triangular parcel was in violation of their settlement agreement which only permitted construction of the agreed upon driveway and traversal of the parcel by the driveway. In the letter, he expressed that he was “ready, willing and able” to fulfill his part of the compromise agreement by having the driveway constructed. Still no driveway was constructed in conformity with the settlement agreement.
In 1993, Conroy sold B2 to the Kennedys and the instant dispute arose. Gibert filed suit against the Kennedys, Bechtel and Con-roy. Gibert asked that his right to possession of the triangular parcel be recognized, that the Kennedys be enjoined from constructing any improvements on the triangular parcel, but allowing them to maintain and use the existing driveway, that Conroy be ordered to perform in accordance with the settlement agreement and, in the alternative, that he be awarded damages from Bechtel if the Kennedys are lawfully permitted to obstruct his access to his property from West Oakridge Parkway.
In response, the Kennedys filed a “Peremptory Exception of Res Judicata, Prescription, No Cause of Action, and No Right of Action.” The record has been designated on appeal, so it is unclear if any other exceptions or motions were filed in the case. A pre-trial hearing was held in the case on December 1, 1994 and judgment was rendered and signed therein on December 9, 1994, |sgranting the exception of Res Judica-ta and holding that all other exceptions and motions in the case were moot. It is from this judgment that Gibert appeals.
Act 521 of the 1990 regular session of the Louisiana Legislature revised Louisiana’s laws pertaining to res judicata, but provided that the preclusive effect and authority of a judgment rendered in an action filed before the effective date of the Act, January 1,1991, shall be determined by the law in effect prior to January 1, 1991. Judgment in the earlier suit was entered on April 14, 1983. Therefore, the preclusive effect and authority of that judgment is determined by the law in effect prior to January 1,1991.
La.R.S. 13:4231, the Res Judicata statúte, prior to the 1990 amendment, provided:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of *451 action; the demand must be between the same parties, and formed by them against each other in the same quality.
The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent relitigation. Dixon, Booksh, and Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. 611 (1977). Thus, the principle of res judicata establishes a presumption of correctness and precludes re-litigation of the object of the judgment only when there is (1) identity of the parties, (2) identity of the “cause” and (3) identity of the thing demanded. McClendon v. State, Dept. of Transp., 642 So.2d 157 (La.1994); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), on remand, 365 So.2d 586 (La.App. 1st Cir.1978), appeal after remand 393 So.2d 270 (La.App. 1st Cir.1980).
This case, as presently postured, does not satisfy the three criteria required | Jor the application of res judicata. Primarily the instant suit differs from the first suit because resolution of the instant claim necessitates factual findings of matters that transpired after the earlier judgment. For example, the earlier settlement agreement contains a sus-pensive condition. Whether that suspensive condition was complied with, and/or the effect on the judgment if not complied with, as well as the time period that has elapsed since the earlier judgment and whether that time period was interrupted, are all matters that directly affect the instant suit and relate to events that occurred after the earlier judgment. Thus, the two cases do not share an identity of “cause.” The claims raised herein involve events that have occurred after the earlier judgment which directly bear on the outcome of this suit. Therefore, this ease, as presently postured, lacks the identity with the earlier case for the application of res judicata. Likewise, there is not a pure identity of parties because Gibert has included as defendants, Conroy and Bechtel. Thus, the parties in this litigation and those in the subsequent litigation are not identical, notwithstanding the principle relied on by the Kennedys that a suecessor-in-title stands in the shoes of his predecessor-in-title. Also, Gibert’s action in part rests on the fact that the Kennedys have planted shrubbery and are seeking a permit to build a brick wall blocking Gibert’s access to his property. Gi-bert seeks to have the Kennedys’ proposed construction enjoined.
Accordingly, for the reasons stated above, we reverse the trial court judgment granting the exception of res judicata and remand the ' case for further consideration consistent with the views expressed herein. Appellees are to pay for costs of appeal.
REVERSED AND REMANDED.