BOWES, Judge.
Defendant, The Hartford Steam Boiler Inspection and Insurance Company (hereinafter “Hartford”), appeals from the grant of a summary judgment in favor of Ben A. Seal, Claude J. Autin and L.J. Boudreaux d/b/a Ja-Bob Investment Company (hereinafter “Ja-Bob”) ordering Hartford to pay to Ja-Bob $10,000.00, plus interest and $5,000.00 in attorney fees. For the following reasons, we reverse the decision of the trial judge.

PROCEDURAL HISTORY

Crescent City Cold Storage, Inc. (hereinafter “Crescent City”) was a refrigeration facility in Gretna, Louisiana. In March of 1988, the refrigerator unit malfunctioned, causing spoilage to the seafood stored |2within. Investors Bank & Trust Company (hereinafter “Investors”) was the holder of four promissory notes signed by Crescent City, which were secured by a chattel mortgage on the inventory of Crescent City (the seafood). Hartford had issued to Crescent City a policy of insurance on its inventory and the policy named Investors as a “loss payee.”
On November 3, 1988, Investors filed suit against Crescent City, seeking payment of the promissory notes, and against Hartford, for breach of contract for failure to pay Investors as a loss payee under the terms of the policy of insurance, thereby instituting this action. Later the same day, Crescent City filed suit against Hartford, seeking a payout under the policy. The two suits were consolidated for trial.
On October 25, 1989, Linda Horst, wife of and James Marra (hereinafter “Marra”) filed a petition of intervention, seeking to exercise a lessor’s privilege on any and all proceeds from any judgment. On October 15, 1991, Investors filed a motion for severance, seeking to sever the action of the Marras. A minute entry reflects that the motion was granted on October 31, 1991; the judgment was reduced to writing and signed on July 9, 1992.
On September 11,1992, judgment was rendered in favor of Investors and against Crescent City on the promissory notes, in the *1007 amount of $86,194.40, plus interest, attorney fees and costs. No appeal was taken from that judgment and it is now final.
| -¡During the pendency of this matter, Investors was declared insolvent by the FDIC and the notes sued upon were transferred to Ja-Bob. Ja-Bob filed a motion for substitution of parties and Hartford filed an exception of no right of action: the trial court denied Hartford’s exception and ordered that Ja-Bob be substituted for Investors as party plaintiffs.
The trial of this matter was conducted on six separate days spanning a period of 15 months. On October 20, 1993, the trial judge ruled in favor of Crescent City and against Hartford in the amount of $153,390.15, plus legal interest, costs and also attorney fees. The judgment was silent with regard to the claims of Investors/Ja-Bob. Hartford appealed the decision of the merits and also the ruling allowing the substitution of the parties; on October 25, 1994, this Court reduced the award to the policy limits of $100,000.00 and affirmed both the decision on the merits and the ruling allowing Ja-Bob to substitute for Investors as party plaintiffs.
On June 13, 1995, Hartford issued a check to Crescent City for the limits of the policy plus interest in satisfaction of the judgment against it.
Subsequently, on July 12, 1995, Ja-Bob (successor to Investors and because parties were substituted during trial, we will refer to herein where relevant as Investors/Ja-Bob) filed a motion for summary judgment, seeking to recover from Hartford $100,000.00, representing the face value of policy issued to Crescent City which named Investors as a “loss Payee.” Hartford raised a peremptory exception of res judicata to the motion for summary | ¿judgment, alleging that the prior decision rendered in this matter bars the relitigation of the issue of whether Hartford is liable to Ja-Bob under the terms of the insurance policy. On March 5,1996, the trial court rendered judgment, denying Hartford’s peremptory exception, and granting Ja-Bob’s motion for summary judgment, ordering Hartford to pay to Ja-Bob $100,000.00 representing the face value of the policy plus interest, and $5,000.00 in attorney fees. Hartford, in this appeal before us, has appealed from this decision.
On appeal, Hartford has alleged that the trial court erred in its grant of summary judgment for three reasons: (1) Ja-Bob was not named as a loss payee in the policy and offered no proof of assignment of that right; (2) the initial trial of this matter served to adjudicate the claims of Investors/Ja-Bob against Hartford and therefore the judgment is res judicata as to Ja-Bob’s subsequent claims; and (3) the judgment in favor of Investors and against Crescent City extinguished and superseded the “loss Payee” provision of the insurance policy. In addition, Hartford alleges that trial court erred in awarding attorney fees to Ja-Bob. Because we find merit only in Hartford’s second allegation of error, we need not address the remaining issues appealed.

ANALYSIS

Hartford, by this appeal, argues that the trial court erred in denying his exception of res judicata. Hartford alleges that the prior decision 15rendered in this matter is an adjudication of the merits in this suit Hartford argues that Investors/Ja-Bob participated in the trial on these merits, which included a litigation of their claims. When the trial judge rendered his decision, that decision was silent with regard to the claims of Investor s/JaBob and, therefore, those claims were denied. Investors/Ja-Bob did not appeal from that judgment which implicitly denied their claims and, therefore, that decision is final and operates to bar relitigation of those claims at this time.
Ja-Bob alleges that the trial judge, upon granting the motion for severance filed by Investors, severed the claims of investors/Ja-Bob, and therefore, those claims have not yet been litigated. Appellees further argue that they did not participate in the trial, but were only present to protect their interest in the lawsuit.
The record shows that it was Investors itself who filed the motion for severance, alleging that “there is no connexity between the claims of the Investors, Crescent, Hartford and/or Marra” and requesting that in- *1008 tervenors show cause why “their intervention should not be severed from the matter between Investors Bank & Trust Company, Crescent City Cold Storage, Inc. and Hartford Steam Boiler Inspection and Insurance Company.” The trial judge granted the motion, ordering that “... the issue of liability and quantum of The Hartford Steam Boiler Inspection and Insurance Company |6is hereby severed from all other issues in this case[J” However, we note that this judgment does not limit the issue of liability to that owed only to Crescent City. Thus, we conclude that this judgment is ambiguous in stating exactly which issues were to be litigated at the trial on the merits.
In Dodd v. Dodd, 568 So.2d 1134, 1138 (La.App. 5 Cir.1990), this Court said:
A judgment should be so construed as to give effect to every word and part thereof and the effects and consequences which follow from its terms, whether expressed or implied. In re Clover Ridge Planting & Manufacturing Co., [194 La. 77] 193 So. 468 (La.1940).
In construing an ambiguous judgment, resort may be had to the entire record to aid in arriving at its meaning or to clarify its intention. Kilcrease, Ehlinger & Faulkner, Inc. v. McLeod, 357 So.2d 67 (La.App. 4 Cir.1978). In construing a judgment, the entire context must be considered, and in the event of doubt or ambiguity, it is proper to consider the pleadings, subject matter of suit, reasons for judgment, and other matters of record in order to arrive at an interpretation consistent with a proper decree on the facts and law presented. American Bank & T. Co. v. Blue Bird Restaurant & L., 294 So.2d 302 (La.App. 1 Cir.1974), writ denied 296 So.2d 840.
Considering the entire record in this case, it is clear that the trial judge intended, at the time of the granting of the motion, to sever the claims of the intervenors (Marra) only. The pleadings reflect that, as to Hartford, the subject matter of the suit was to determine whether Hartford was liable, |7and to whom it was liable, under the terms of the policy. Investors filed the motion to sever, and requested only that the claims of the intervenors be severed from remaining demands at trial. Consequently, we conclude that the trial court simply ordered that the issue of the liability of Hartford only be litigated. We conclude that this order encompasses the liability of Hartford as to all plaintiffs in this matter. Accordingly, we find that the specific issue of Hartford’s liability to Investors/Ja-Bob was not severed from the issues litigated at the trial on the merits.
Investors/Ja-Bob next argue that the res judicata laws in existence at the time of the filing of the petition in this matter, which are applicable to this case, do not bar its claims. Investors/Ja-Bob allege that they did not participate in the trial in this matter, there has never been a judgment rendered on their claims and, therefore, these claims have not been litigated. We disagree.
At the time of the filing of this lawsuit, La. R.S. 13:4231 provided:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded' on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and should not be contradicted in a ^subsequent relitigation. Rivet v. First Financial Bank, FSB, 538 So.2d 216 (La.1989); Gibert v. Kennedy, 95-117 (La.App. 5 Cir. 11/15/95), 665 So.2d 449. In order for res judicata to apply, the thing demanded in the second action must be the same as the thing demanded in the first action which has been concluded by a definitive judgment; the demand must be founded on the same cause of action; and the demand must be between the same parties, formed by them against each other in the same quality. Rivet, supra; Ortego v. State, Dept. Of Transp. & Development, 95-830 (La.App. 3 Cir. 4/24/96), 673 So.2d 1168.
Here, the issue is whether the claims of Investors/Ja-Bob against Hartford were, in fact, previously litigated and whether these *1009 claims have been concluded by a definitive judgment.
Investors argue that their claims were not litigated because they did not participate in the prior trial of this matter. We disagree. The record reflects that Investors was involved and did participate in the trial on each and every day, and was afforded the opportunity to question, either by direct or cross examination, each and every witness presented by the parties, and counsel for Investors actually did question six of the eight witnesses. In addition, counsel for Investors/Ja-Bob participated in discussions on motions, stipulations and the admissibility of evidence with the court and 19with counsel for the other parties. A review of the record shows that Investors/Ja-Bob fully participated in the trial of this matter.
Investors/Ja-Bob argue that the evidence shows that they did not participate in the trial because the judgment is silent with regard to their claims against Hartford. However, as a general rule, where a judgment is silent with respect to any demand which was at issue in the case under the pleadings such silence constitutes a rejection of that demand. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532 (La.1988); Bankers Trust of Louisiana v. Smith, 629 So.2d 525 (La.App. 5 Cir.1993). The judgment at issue here, awards the entire proceeds of the policy of insurance issued by Hartford to Crescent City and is silent with regards to the claims of Investors/Ja-Bob; thus the judgment is easily construed to constitute a rejection of Investors/Ja-Bob’s demands.
We have found that Investors/Ja-Bob was a participant in the trial on the merits of this suit, and that the judgment impliedly denied their claims. Investors did not appeal the judgment which impliedly denied their claims and that judgment is now final.
Accordingly, that judgment is res judicata to the present claims of JaBob, and the trial court was in error in denying Hartford’s peremptory exception of res judicata and in granting a summary judgment in favor of | ioJa-Bob, and ordering Hartford to pay to Ja-Bob the face amount of the insurance policy, $100,000.00, plus interest and attorney fees.

CONCLUSION

For the above discussed reasons, the judgment of the trial court granting the motion for summary judgment in favor of Ja-Bob is reversed. The peremptory exception of res judicata is now granted and judgment is now entered in favor of Hartford and against Ben A. Seal, Claude J. Autin and L.J. Boudreaux d/b/a Ja-Bob Investment Company, dismissing their claims against Hartford in this suit. All costs are assessed against appellees, Ben A. Seal, Claude J. Autin and L.J. Boudreaux d/b/a Ja-Bob Investment Company.
REVERSED.
DUFRESNE, J., concurs.