705 So.2d 1200 (1997)
Paul L. KLEIN
v.
BMW OF NORTH AMERICA, INC., et al.
No. 97-CA-871.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1997.
*1201 Edwin R. Fleischmann, Jr., Metairie, for Plaintiff-Appellant.
J. David Forsyth, Sharon C. Mize, New Orleans, for Defendants-Appellees.
DUFRESNE, Judge.
Paul Klein, appellant herein, filed a suit against Benson Motor Company of New Orleans, Inc., and BMW of North America, Inc., seeking damages for injuries sustained in an automobile accident which occurred in the driveway of his residence. Specifically, on March 8, 1993, Mr. Klein got into his 1992 BMW 325I automobile which he had leased from Benson Motor Company of New Orleans and which had been manufactured by BMW of North America.[1] After starting the engine, Mr. Klein put the car in reverse, and began to back out of the driveway when he noticed that the air conditioning unit was not performing satisfactorily. Mr. Klein moved the gearshift to neutral and leaned over to check the problem. While attempting to adjust the air %6 2flow, Mr. Klein tapped on the accelerator at which time his vehicle moved backwards and struck his wife's parked vehicle.
In his petition, Mr. Klein asserted that the accident and resulting damages were caused because the gearshift indicator of the vehicle was defective, that is, unreasonably dangerous in its normal use, when it left the manufacturer, BMW of North America. Mr. Klein alternatively alleged that Benson Motor Company and BMW of North America were repeatedly made aware of this defective condition and failed to repair the problem despite numerous opportunities to do so. The defendants denied the allegations contained in the petition and asserted that the sole and proximate cause of the accident and resulting injuries and/or damages was the negligence, imprudence, and want of skill of the plaintiff.
The matter proceeded to a one day judge trial in December of 1996. After taking the matter under advisement and considering the evidence presented, the judge rendered judgment in favor of the defendants, BMW of North America and Benson Motor Company, and accordingly dismissed the plaintiff's petition at his costs. In so ruling, the trial judge reasoned as follows:
Though much testimony was given regarding Plaintiff's alleged injuries and damages, the issue of liability centered around the defective gear shift of the vehicle sold and serviced by Defendants and the conduct of Plaintiff on the day of the incident sued upon.
The Court finds that the facts proven before it establish that the vehicle in question was known to be such that when one's foot was not on the brake, the vehicle would *1202 move without the necessity of accelerating. This had nothing to do with the gear shift but was a fact of the nature of the BMW. Plaintiff testified that he moved the gear shift without having first placed his feet onto the brake petal[sic]. This was an unreasonable action on the part of Plaintiff and had nothing whatsoever to do with the alleged defective gear shift. It was the moving of the gear shift without having first activated the brakes that caused the auto to move and strike another resulting in Plaintiff's alleged injuries. Conversely, if Plaintiff had placed his foot onto the brakes, and due to the faulty gear indicator removed his foot in the belief that the vehicle was in "neutral" and injury occurred, a different result might be found. Thus, while the Court is called upon to determine whether the gear shift of the vehicle in question was defective, it is not necessary to rule upon that issue since the evidence fails to support that the alleged defect caused the injuries sued upon. A tortfeasor is liable only for the direct and proximate results of his wrongful act, including aggravation of any preexisting injuries. Plaintiff is required to prove a causal connection between the injuries claimed and the accident by a preponderance of the evidence. Hidalgo v. Old Hickory Insurance Company, 630 So.2d 252 (La.App. 5 Cir.1993).
Mr. Klein subsequently filed a motion for new trial which after a hearing, was denied by the trial court. From the dismissal of his petition, the plaintiff now appeals. For the reasons set forth herein, we affirm the decision of the trial court.
By this appeal, Mr. Klein challenges the trial judge's factual findings and specifically presents the following issues to this court for review:
1. Did plaintiff prove that the gearshift indicator was in fact defective?
2. Was the faulty gearshift indicator a proximate cause of this accident?
3. Does Benson Motor Company have some, if not all, of the responsibility for this accident for the negligent failure of its technicians to repair this defect?
4. Did plaintiff testify and prove that he applied his foot to the brake pedal while attempting to shift from one gear to another?
5. Should the sum of $500.00 have been awarded to plaintiff by the court, to be paid by the defendant, Benson Motor Company?
In order to properly address Mr. Klein's argument that the trial court's factual findings were manifestly erroneous, it is necessary to briefly review the evidence at trial relating to the liability portion of his claim.
The plaintiff, Paul Klein, testified about the circumstances surrounding the automobile accident as well as the numerous problems that he had with the gearshift indicator. Mr. Klein initially brought the car to the Benson Motor Company Service Department in May 14 of 1992 and demonstrated to them that when the car displayed neutral, it was actually in reverse and backed up. In August of 1992, Mr. Klein returned to the Benson Service Department and complained that the BMW sometimes showed neutral when it was in reverse. Having noted the cause of the problem to be a poor fit, the service department adjusted the indicator. Once again, in October of 1992, Mr. Klein brought the car back to the service department and reported that the gearshift indicator did not align properly. On this occasion, the service department apparently adjusted the center console along with the shifter ribbon, having noted the cause of the problem to be a poor fit. In February of 1993, Mr. Klein returned to the Benson Motor Company and reported that the gearshift indicator was inaccurate and that the transmission was in reverse while the indicator showed neutral. The service department adjusted the shifter, but like the other times, the repair only solved the problem temporarily, for maybe a day or two. In May of 1993, Mr. Klein brought the car in again and reported that the gearshift indicator was inaccurate. The repair order indicated that on this visit, the service department removed and replaced the transmission gear shift indicator. Mr. Klein testified that the repairs performed on the car this time actually made the problem worse. In September of 1 993, he returned and reported that the shift selector indicator did not work properly; however, the problem *1203 again was not solved. In addition to these occasions, which were substantiated by repair orders introduced at trial, Mr. Klein claimed that he brought the car in on numerous other occasions because the gearshift indicator was inaccurate and failed to show the proper gear. However, on none of these visits was the problem remedied. In the midst of these repeated visits to the Benson Motor Company, Mr. Klein was involved in an accident in the driveway of his home which he claimed was caused by the defective gearshift indicator. On March 8, 1993, Mr. Klein got into his vehicle and after starting the engine, put the car in reverse and began to back up. However, noticing a problem with the air conditioning unit, he put his car in neutral[2] and leaned over to check the problem. In the course of checking the air conditioner, Mr. Klein took his foot off the brake, and tapped on the accelerator to race the engine in an attempt to remedy the air flow problem. At that time his vehicle moved backwards and struck his wife's parked vehicle. According to Mr. Klein, at the time of the accident the car showed neutral on the gearshift indicator but the transmission was actually in reverse. On cross-examination, Mr. Klein admitted that he did not have a problem with the brakes on his car and that there was no reason that he could not have applied the brakes while it was in neutral. In addition, it was brought out during his cross-examination that the owner's manual, in describing the operating instructions for neutral, specifically states to "apply the foot brake to prevent unintentional rolling of the car."
At trial, the plaintiff produced several other witnesses to corroborate his claim that the gearshift indicator was defective. James Paul Klein, the plaintiff's adult son, testified that while riding in his father's BMW, he observed that there was a problem with the gearshift indicator insofar as it inaccurately reflected what gear the car was in.
Carol Klein, the plaintiff's wife, testified that when she drove her husband's BMW, she was unable to keep it in gear. If she tried to put it in one gear, it would go into another gear, making her unable to tell the actual gear of the car.
Jeff Bockmeyer, the plaintiff's co-worker, testified that when he rode in the BMW, he noticed problems with the gearshift indicator. According to Mr. Bockmeyer, there were quite a few times when the car was supposed to be in reverse but was in drive and actually went forward. On cross-examination, Mr. Bockmeyer testified that to the best of his knowledge, the transmission and the brakes worked, and the plaintiff was able to bring his car to a stop.
Following the presentation of the plaintiff's case, the defense called Lloyd Vaughn as its sole witness. Mr. Vaughn has been the service manager at Pete's BMW, formerly Benson BMW, since May of 1995, and prior to that he was a marketing consultant through BMW of North America. During the course of his testimony, Mr. Vaughn explained the operation of BMW vehicles in general, as well as the Klein vehicle. He testified that the gearshift indicator is indexed and that as the driver moves the gearshift handle to shift gears, the indicator moves into the next gear and stops, making it possible for the driver to tell when the indicator has moved into the next notch. Mr. Vaughn further testified that in order to shift from park to reverse, the driver must depress the brake pedal as well as a button on the handle. The driver can then shift from reverse to neutral without engaging the brakes or depressing the button on the side of the gearshift handle. Mr. Vaughn also testified that when the vehicle is in gear, either forward or reverse, it moves slowly even without accelerating due to the action of the engine and transmission. According to Mr. Vaughn, once a driver takes his foot off of the brake the torque that has built up in the car automatically starts moving the car. Mr. Vaughn also testified that he personally inspected the BMW vehicle, at which time the gearshift indicator was operating properly.
After considering this testimony as well as the other evidence presented, the trial judge *1204 found that the plaintiff failed to prove that the alleged defect caused the accident[3] and accordingly dismissed his petition. We are now called upon to determine whether the factual findings of the trial judge are manifestly erroneous.
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, supra.
The trial court's finding of causation is a finding of fact which may not be disturbed unless the record does not furnish a basis for the finding and it is clearly wrong. Egan v. Kaiser Aluminum & Chemical Corp., 94-1939 (La.App. 4 Cir. 5/22/96), 677 So.2d 1027, writ denied, 96-2401 (La. 12/6/96), 684 So.2d 930.
Given the circumstances of this case and the evidence presented, we find that the trial judge had more than ample testimony upon which to base his conclusion that the accident was caused by the actions of plaintiff and had nothing whatsoever to do with the alleged defective gearshift indicator. Accordingly, we do not find his determinations to be manifestly erroneous or clearly wrong.
On appeal, Mr. Klein also claims that he proved that Benson Motor Company owed him $500.00 and that the trial judge committed manifest error in failing to award him that sum.
At trial, Mr. Klein testified that the manager of Benson Motor Company apologized for the problems that he had with the car, that he offered to take the car back, cancel the lease agreement and give Mr. Klein $500.00. Mr. Klein testified that it was his understanding that this agreement would completely terminate the relationship between the dealership and himself. Mr. Klein returned the car, but never received the $500.00. Mr. Bockmeyer, who accompanied Mr. Klein to the dealership in November of 1993 to return the BMW, verified this conversation between Mr. Klein and the manager of the dealership.
The trial judge did not specifically address this claim in his judgment. As a general rule, where a judgment is silent with respect to any demand which was at issue in the case under the pleadings such silence constitutes a rejection of that demand. Seal v. Crescent City Cold Storage, Inc., 96-880 (La.App. 5 Cir. 3/12/97), 690 So.2d 1005, writ denied, 97-1298 (La. 9/5/97), 700 So.2d 511. In the present case, the trial judge, by his rejection of this claim, obviously believed that the plaintiff failed to prove his entitlement to the $500.00. Based on the record before us, we find no error in the trial court's determination.
For the reasons set forth herein, we affirm the decision of the trial judge.
AFFIRMED.
NOTES
[1] At trial, the parties stipulated that on March 31, 1992, the plaintiff entered in a new vehicle lease agreement with the defendant Benson Motor Company of New Orleans for the lease of a 1992 BMW 325I vehicle imported by defendant BMW of North America.
[2] Mr. Klein did not state with certainty that he put the car into neutral but rather testified that "I think I pulled it into neutral."
[3] LSA-R.S. 9:2800.54 A provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." Paragraph D of that article further provides that the burden of proof is on the claimant.