NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 22-580

SILTON ARDOIN

VERSUS

GDE RENOVATIONS, INC., ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 14-05370
ANTHONY PAUL PALERMO, WORKERS COMPENSATION JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Van H. Kyzar, Judges.

MOTION TO CORRECT AND SUPPLEMENT THE RECORD GRANTED, IN PART; DENIED IN PART.

Jason E. Wilson
Kevin W. Fouquier, II
Galloway, Johnson, Tompkins, Burr, & Smith
3861 Ambassador Caffery Parkway, Suite 300
Lafayette, LA 70503
(337) 735-1760
COUNSEL FOR DEFENDANTS/APPELLEES:
 Granite State Insurance Company
 GDE Renovations, Inc.

Jennifer B. Valois
The Barber Law Firm
111 Mercury Street
Lafayette, LA 70503
(337) 232-9894
COUNSEL FOR PLAINTIFF/APPELLANT:
 Silton Ardoin

**GREMILLION, Judge.**

Appellant-Plaintiff, Silton Ardoin, Jr., has filed a Motion to Correct and Supplement the Record in this matter. Appellees-Defendants, GDE Renovations, Inc. and Granite State Insurance Company opposed the motion, in part. We grant the motion, in part, and deny in part.

Appellant first seeks to supplement the record with all pleadings and orders between 2014 and 2020. Appellant asserts that these documents are critical to the issues on appeal, as they contain the original pleadings and service documents, including the Order of Preliminary Default entered against Appellee, Employer K&C Roofing.

Next, Appellant states that the appeal record Exhibit List needs to be corrected to accurately reflect the admission of Appellees' Trial Exhibits. The record Exhibit List incorrectly lists Appellant's trial exhibits 3 and 4 as not admitted into evidence when the trial court admitted all of Appellant's disputed exhibits into evidence, including exhibits 3 and 4.

Additionally, Appellant maintains that the record Exhibit List needs to be corrected regarding the proffered evidence. The record Exhibit List incorrectly lists Appellee, GDE Renovations, Inc., as having a proffer when the transcript does not reflect that GDE Renovations, Inc. proffered any evidence. Also, the transcript indicates that Appellant proffered the recorded statement of Calvin Coleman. The record as prepared does not reflect that Appellant's proffered exhibit, the recorded statement of Calvin Coleman, was admitted into evidence in the court's oral ruling. As reflected in the court's oral ruling, all of Appellant's disputed evidence was admitted into the record, including the proffered recorded statement of Calvin Coleman.

Next, Appellant asserts that the following errors exist in the record Minutes:

1. The minutes of February 5, 2021, indicate that counsel for Appellant, Jennifer Valois, was not present for the hearing. The transcript, however, reflects that Jennifer Valois appeared for the hearing.

2. The minutes of September 23, 2021, incorrectly leave out Appellant's proffer of Calvin Coleman's recorded statement. The minutes also incorrectly add a proffer to the exhibits of Appellee, GDE Renovations, Inc.

3. The minutes of January 7, 2022, incorrectly stated that counsel were present for the oral ruling. Counsel were not notified of an oral ruling and were not present in the court room during the oral ruling.

Appellant also explains that during an inspection of the actual court record maintained in the Office of Workers' Compensation, District 4, counsel for Appellant observed a copy of a "Free Mugshot Website" printout containing Appellant's name and identifying information dated September 8, 2020, three days before a September 11, 2020 hearing to dismiss his claim. Appellant asks this court to order the Office of Workers' Compensation, District 4 Clerk of Court, to include the printout in the appeal record, just as it appears in the official trial court record.

Lastly, Appellant seeks to supplement the record with a copy of the records request submitted by Appellant's counsel to the Office of Workers' Compensation requesting production of any judgment or orders of preliminary default, along with the Office of Workers' Compensation's response indicating that no matching orders were entered in this case. However, upon Appellant counsel's inspection of the actual court record, the record contained a signed order of preliminary default. The records department at the Office of Workers' Compensation had provided incorrect information.

In opposition to the Motion to Supplement and Correct the Record, Appellees object to Appellant's request to supplement the record with the "Free Mugshot Website" printout. Appellees state that in Appellant's motion, he makes a connection

3

that the mugshot was printed three days before a hearing to dismiss Appellant's claim. However, Appellant's claim was dismissed at the hearing, and the denial of the motion to dismiss was not appealed. While it does not appear that either party filed this document in the record at the hearing, Appellees are positive that the document was not offered, introduced, or admitted into evidence for the purpose of this trial. As such, Appellees conclude that it is inappropriate to order the record supplemented with documents that have never been offered, introduced, or admitted into evidence. *Niemann v. Crosby Development Co., L.L.C.*, 11-1337 (La.App. 1 Cir. 5/3/12), 92 So.3d 1039. Moreover, because the mugshot was not offered, introduced, or admitted into evidence, appellees maintain that appellant would be unable to comply with the required Rule 32 certificate if the document is made a part of the record. Appellees urge that the document has no relevance to the judgment rendered at the conclusion of trial.

Additionally, Appellees strongly disagree with Appellant's mischaracterization of the investigation report as the "recorded statement of Calvin Coleman." Appellees maintain that it is an unsigned report of an investigator that spoke to Mr. Coleman. Further, it is not a transcript or Mr. Coleman's sworn testimony. Appellees urge that it is hearsay.

We hereby order that the record be supplemented with all pleadings and orders between 2014 and 2020, and with Appellant's request for production of any judgment or orders of preliminary default, along with the court's response indicating that no matching orders were entered in this case.

We also order that exhibit list found in the appeal record be corrected to reflect 1) the admission of all Appellee's Trial Exhibits, including exhibits 3 and 4; 2) that GDE Renovations did not proffer any evidence; and 3) that Appellant's proffered exhibit, the statement of Calvin Coleman, was admitted into evidence.

Additionally, we order that the minutes in the record be corrected as follows: 1) the minutes of February 5, 2021 should reflect that Jennifer Valois, counsel for Appellant, appeared for the hearing; 2) the minutes of September 23, 2021, should reflect that the statement of Calvin Coleman was proffered by Appellant, and omit the statement that a proffer was made by Appellee, GDE Renovations, Inc.; and 3) the minutes of January 7, 2022, should reflect that counsel were not present for the oral ruling.

We deny Appellant's request to supplement the record with the "Free Mugshot Website" printout as the document was not offered, introduced, or admitted into evidence at trial.

**MOTION TO CORRECT AND SUPPLEMENT THE RECORD GRANTED, IN PART; DENIED IN PART.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.